City, to use of McGrath et al., v. Clemens, Jr.

---

CITY, TO USE OF LOUIS MCGRATH *et al.*, Respondents, *v.* JAMES CLEMENS, JR., Appellant.

1. *Streets — Improvements — Assessment of benefits for, how proportioned.* — The assessment for street improvements should be made in the proportion which the whole frontage of any particular lot bears to the entire work.
2. *Streets — Improvements — Taxes for, not enforceable till entire contract is completed.* — Under the supplement to the charter of the city of St. Louis, approved January 18, 1860, assessments against adjoining property-owners for street improvements cannot be made, nor can the special tax-bills therefor be enforced, till the contract for the improvement is fully completed. By the "work" mentioned in the provision referred to, is meant all work named in the contract. The above law is not distinguishable in principle from that relating to sewers. (City of St. Louis, to use of McGrath, v. Clemens, 36 Mo. 467, overruled.) And the reason of this rule is plain; for, *e. g.*, the grading of a single lot or block, instead of that of a whole street, may be an injury and not a benefit.
3. *Streets — Improvements — Action on tax-bills — City not a real party.* — In an action on a special tax-bill for street improvements, brought by a contractor to the use of a municipal corporation, the city is not the real party to the record, and no judgment can be rendered against it in such an action.

*Appeal from St. Louis Circuit Court.*

*A. M. Gardner*, for appellant.

The second instruction asked by defendant and refused is as follows: "If the defendant sustained any damage from the way in which the city contracted for or directed the work to be done, or from the unskillful and improper manner in which the work in question was done, then defendant is entitled to recover such

damages as may have accrued therefrom, as fully and completely as if the city was the plaintiff."

*C. G. Mauro*, for respondents, relied on City, to use, etc., v. Clemens, 36 Mo. 467.

WAGNER, Judge, delivered the opinion of the court.

This was a suit upon certified special tax-bills for the cost of grading, macadamizing, guttering and curbing O'Fallon street, between Twenty-fourth and Twenty-fifth streets, in the city of St. Louis. The contract entered into between the city engineer and the respondent was to grade, macadamize, gutter and curb all that part of the street lying between Twenty-fourth street and Pratte avenue; but the work was only completed between Twenty-fourth and Twenty-fifth streets, adjoining the property of the appellant, when it was stopped, and the engineer made out and certified the special tax-bill in question, charging the appellant with the payment of the work done. When this case was here before, the point was raised that the bills could not be lawfully made out till the whole work provided for in the contract was completed. (St. Louis v. Clemens, 36 Mo. 467.) But the objection was overruled, and it was adjudged that the right to charge the property with the lien did not depend upon the completion of the whole work contracted for, but only upon the completion of the work which was charged against the property of the defendant; that in this respect the act under which the proceeding was had differed from the act concerning sewers. We are now asked to review that case as far as that point is concerned, and re-examine the question. Whilst we are always reluctant to interfere with adjudged cases which have become established precedents, still, if mistakes have been committed, we will rectify them, provided no property rights are impaired. Upon the prior hearing of the case in this court, the point now under consideration was summarily disposed of, and received very little attention, as there were several others which were deemed of more importance.

The provision in the charter giving the city power to pass an ordinance for making special assessments against property-hold-

ers, reads as follows: "Whenever any of the above-mentioned work" (referring to street improvements) "shall have been fully completed under authority of ordinances, the city engineer, or other officer having charge of the work, shall compute the cost thereof, and assess it as a special tax against the adjoining property fronting upon the work done, and each lot of ground shall be charged in proportion to the frontage thereof, with the costs of constructing, reconstructing and repairing the intersection of the next adjoining street, alleys or other public highways, in such manner as the said officer shall deem just and equitable." (Supplement to city charter, approved January 16, 1860.)

Two points are now made: first, in reference to apportioning of the tax; and, second, that the bills could not be made out and collected till the entire work was completed. Where an enactment provided that the improvement should be apportioned and charged to the adjoining property by the city engineer according to the front feet of each owner, and that the amount so apportioned should constitute a special tax on the property and be paid by the owner, we held that the proper construction of the law was that the amount should be apportioned and charged to each lot separately, according to its respective front. (Fowler v. City of St. Joseph, 37 Mo. 228.) It was obviously never intended that the assessment should be made and the property charged for the work done on its front. But the property must bear its just proportion to the whole work according to its frontage. Any other construction would be unequal and unjust, and contrary to the theory of supposed benefits which support and uphold these laws. Grading in front of a given piece of property may be a damage instead of a benefit, and it will not be presumed that the property-holder should be obliged to pay for the whole work that causes his damage. The assessment should be made in the proportion which the whole frontage of any particular lot bears to the entire work.

Upon a more special and particular examination of the charter, I am of the opinion that the assessment could not be made and the special tax-bills enforced till the entire contract was completed. The language of the law is that, whenever any of the

work shall be fully completed, the engineer or other officer having charge shall compute the cost thereof and assess it as a special tax.. By the "work" mentioned, I think is included all the work in the contract. I am not able ·to see any substantial difference between this law and the act respecting sewers, referred to by the learned judge who wrote the opinion when the cause was in this court before. Any other construction, it seems to me, would be subversive of the rights of those who own property, and cast upon them a burden when they receive no corresponding benefits. Whilst the grading of a street or any considerable portion thereof will be advantageous to adjoining proprietors, it will frequently happen that grading a single lot or block will be greatly prejudicial to it, and render it almost inaccessible. Such, it is contended, was the case here. If the work can be stopped in such a situation, and the owner be made to pay for it, he would be compelled to pay for an injury instead of a benefit. But the act rightfully interpreted will bear no such construction. It follows, therefore, that the first and third instructions refused by the court, which the defendant asked, should have been given. The second instruction refused was rightfully refused; the city was not the real party to the record, and no judgment could have been rendered against it in this action. The other instructions given for both plaintiff and defendant submitted the case fairly.

The other judges concurring, the judgment will be reversed and the cause remanded.