JOSEPH WEBER, Plaintiff in Error, *vs.* GOTTFRIED SCHERGENS, *et al.*, Defendants in Error.

1. *Street improvements—Paving, etc.—Side walks—Cost of, how apportioned, etc.* —In assessing the costs of guttering, etc., the cross walks and side walks adjoining a private lot, under the statute of 1867, (Sess. Acts 1867, § 11, p. 74) the owner should be charged in the proportion which the frontage of his lot bears to that of all the lots affected by the contract, and not that which it bears to those in the block.

2. *Special tax bill—Bill made out a few weeks before completion of work—Law substantially complied with.*—In suit on a special tax bill for street guttering, etc., where it appeared that the whole work under the contract was nearly finished at the time when the bill was issued, and was actually completed within a few weeks afterward, and that the law was in other respects strictly pursued, *held*, that the law was substantially complied with, and that the property was chargeable with the assessment.

### Error to St. Louis Circuit Court.

*Thos. Grace*, for Plaintiff in Error, cited Kiley vs. Cranor, 51 Mo., 541; Doughty vs. Hope, 3 Den., 249; Alvord vs. Collin, 20 Pick., 426; Paillet vs. Youngs, N. Y. Sup. Ct., 4 Sand., 57; In the matter of William and Anthony Sts., 19 Wend., 688–9; City of St. Louis vs. DeNoue, 44 Mo. 137; City of St. Louis vs. Bernoudy, 43 Mo., 552.

*F. & L. Gottschalk*, for Defendants in Error, cited Kefferstein vs. Knox, 56 Mo., 186; City to use McGrath vs. Clemens, 49 Mo., 552; Neenan vs. Smith, 50 Mo., 525; City to use, etc. vs. Clemens, 52 Mo., 133; Strassheim vs. Jerman, 56 Mo., 104.)

VORIES, Judge, delivered the opinion of the court.

This action was brought to recover the amount of a special tax bill, assessed against the property of defendants, for the cost of curbing, guttering, macadamizing and paving the cross walks and side walks of Bremen Avenue, from Fourteenth Street to Kossuth Avenue, in the city of St. Louis. The contract of the plaintiff was to do the whole work above set forth.

By the tenth section of the " Act to revise the City Charter of the City of St. Louis," approved March 13, 1867, the same being the law under which the work sued for in this case was performed, it is provided, that " the cost of paving, macadamizing, guttering cross walks, and curbing of the carriage ways, intersections and side walks of all streets, alleys and other highways, and such portions of wharves as may be provided by ordinance, and the cost of all reconstruction and also the cost of grading and paving all alleys in the city, shall in all cases (except such as shall hereafter be provided for) be paid by the owners of the property in the vicinity of the work, in such manner as shall hereafter be provided ; and as may be further provided by ordinance," etc. It is further provided by the 11th section of the same act, that, " whenever any of the above mentioned work shall have been fully completed under authority of ordinance, the city engineer or other officer having charge of the work, shall compute the cost thereof and assess it as a special tax against the adjoining property fronting upon the work done, and each lot of ground shall also be charged in proportion to the frontage thereof, with the cost of constructing, re-constructing and repairing the intersections of the next adjoining streets, alleys or other public highways, in such manner as said officer shall deem just and equitable. The officer is then required to make out a certified bill of such assessment against each lot chargeable with the work done in the name of the owner thereof," etc.

It is shown by the evidence in this case, that the whole work contracted for was fully completed in a satisfactory manner; that the work was constructed and estimated for by the engineer in sections or blocks; that the first section or block was completed on the 7th of September, 1868, and tax bills issued for the same on the 8th of September, 1868 ; that the 2nd section or block completed was Bremen Avenue, from 16th to 19th streets, which included the property upon which the tax is assessed now in controversy ; that this was completed on the 13th day of July, 1869, and the price assessed

on the adjoining property, and tax bills issued on the 23rd of July, 1869; that the remaining part of said work included in the contract was completed and assessments made therefor Oct. 22nd, 1869, more than a year before the commencement of this suit.

The assessment for this work seems to have been made by blocks consisting of the portion of the street improved which lies between two other streets crossing the street improved. This was done by charging the owner of the property the proportion which his property bears to the cost of the whole work in the block in which his property is situated, and not in proportion to the cost of the whole of the work mentioned in the contract.

The tax bill sued on was made out against Jacob W. Kurt-zebom, as the owner of the property against which the assessment was made, and it was admitted that he had been dead at least two years before the assessment was made; that said Jacob had devised the property to his wife, Henrietta, who afterwards named her co-defendant, Gottfried Schergens.

At the close of the evidence the plaintiff asked the court to declare the law to be as follows: "The court declares the law to be, that if at the time of the bringing of this suit, the whole work contemplated by ordinances Nos. 6216 and 6219 given in evidence, had been fully completed under the authority of said ordinances, and according to the provisions of said ordinances, and according to the terms of the contract read in evidence, and if the amount of work done upon the property mentioned in the pleading and tax bill read in evidence, was charged against said property in the proportion of the frontage of said lot to the cost under said contract of the whole amount done, in such manner as the city engineer deemed just and equitable, and if the amount so charged against the property so mentioned was the just proportion of the whole work according to its frontage, and the assessment so made by the city engineer against the property mentioned in the petition was made in the proportion which the whole frontage of said lot bore to the cost of the entire

work, then the plaintiff is entitled to judgment in his favor under the pleadings and evidence." This declaration of law was refused by the court, and the plaintiff excepted.

The court then, at the instance of the defendant, declared the law to be as follows, to-wit: "If the work specified in the ordinances Nos. 6216 and 6962, and in the contract No. 2, under which the work now sued for was done, was not fully completed as by said ordinances and contract required, when the city engineer made the assessment against defendant's property for said work, the said assessments were illegally made, and plaintiff cannot recover therefor."

The court both gave and refused other declarations of law in the case, but they either raised the same points raised by the instructions here copied, or are not material to the proper disposition of the case. The court then found the issues for the defendant, and rendered final judgment in his favor.

The plaintiff at the proper time filed a motion for a new trial, based on the action of the court in giving and refusing declarations of law. This motion having been overruled by the court, the plaintiff appealed to the General Term, where the judgment rendered at Special Term was affirmed, and the plaintiff has brought the case to this court by writ of error.

The plaintiff insists that the court erred in refusing the declaration of law asked for by him, as before set forth, and in making the declaration of law asked for by the defendant. The declaration of law asked for by the plaintiff, although not very clear, would, under a state of evidence applicable to its terms, be substantially correct; but the evidence in this case clearly shows, without any contradiction, that the work done under the plaintiff's contract was done and estimated by blocks, and that the assessment made against defendant's property was made in proportion to the cost of the work done upon or adjoining the block in which the defendant's lot was situate, and not in proportion to the cost of the whole work, and the proportion that the frontage of the defendant's lot bore to the whole property fronting on said work. It may, and frequently does, happen, where the streets and alleys are wider

in one block than they are in another, and sometimes for other causes, the assessment of the cost of the work by the block would produce an unequal result. It has been repeatedly held by this court, that such assessments are unlawful.

In Newman vs. Smith, (50 Mo., 525) it was held, under a similar statute to the one under which the work in this case was performed, that, "the cost of the whole work is to be ascertained, and each lot charged in the proportion its frontage bears to that of all of the lots fronting on said work." See also McGrath vs. Clemens (49 Mo., 552). This whole matter in reference to the improper manner in which the assessment was made in this case, as shown by the evidence, was ignored by the instruction asked for by the plaintiff, and the jury were told, that if other facts were found to exist, they should find for the plaintiffs, and this without reference to the manner in which the taxes were computed and assessed against the defendant's property.

This question is not directly brought before us by the appeal; but it is pertinent to be considered when considering the propriety of the instructions which are before us for our consideration. The instruction refused by the court, which was asked for by the plaintiff, and the one given by the court at the request of the defendant, serves to show the theory on which this case was decided by the Circuit Court, which is, that the plaintiff could not recover on the tax bill sued for if the whole work contracted for had not been fully completed when the tax was computed and the tax bill issued, notwithstanding the whole law and contract had been otherwise complied with, and notwithstanding the whole work was fully completed in a few weeks after the tax bill was issued, and long before the action was commenced. This, I apprehend, is not the law as it has been settled by this court. (Kiley vs. Cranor, 51 Mo., 541.)

There were a number of objections made to portions of the evidence given upon the trial by the defendant, which were overruled by the court. These objections have been argued in this court as well as other points on the part of the defend-

ant; but as the defendant recovered a judgment, and has taken no appeal, these points are not properly before us for investigation.

The instruction given for the defendant being improper, and showing that the case was tried and decided on a wrong theory of the law, the judgments of both the General and Special Terms of the Circuit Court, and each of them, will be and are hereby reversed, and the cause remanded to Special Term of said court, to be proceeded in in conformity to this opinion ; the other judges concur.