28 587
45 323
28 587
64 262

JOSEPH WEBER, Appellant, v. HENRIETTA SCHERGENS. *et al.*, Respondents.

St. Louis Court of Appeals, January 17, 1888.

1. SPECIAL TAX BILL—WHETHER IRREGULAR ONLY OR VOID.—A special tax bill based upon an improper theory of apportionment, is not, therefore, void, but is irregular and amendable.

2. —— RES JUDICATA.—A final judgment for the defendant, in a suit upon an irregular and amen'' 'le special tax bill, will bar a subsequent action on the same special tax bill, although properly corrected. But if the tax bill, as first sued on, be void, the judgment will be no defence against a later action on a valid tax bill for the same work.

3. —— DISMISSAL OF SUIT.—Where the plaintiff in a suit upon an irregular special tax bill dismisses the proceeding, he will be barred under the statute against another action on the same or a corrected tax bill for the same work, unless it be commenced within one year after the dismissal.

APPEAL from the St. Louis Circuit Court, HON. AMOS M. THAYER, Judge.

*Affirmed.*

KEHR & TITTMANN, for the appellant: (1) The plaintiff has proved everything that need be proved to warrant a recovery on the tax bill. (2) The original assessment and the original tax bill based thereon were null and void. *Weber v. Schergens*, 59 Mo. 389; *Neenan v. Smith*, 60 Mo. 292; s. o., 50 Mo. 523; *City v. Clemens*, 49 Mo. 552; *Morley v. Weakley*, 86 Mo. 455; *Farrar v. City*, 80 Mo. 394. (3) The original assessment and original bill being void, the president of the board of public improvements had the power to issue to the contractor a new special tax bill based on a new and valid assessment, and the judgment rendered in the suit brought on the old bill is not a bar to the suit brought on the new. *Eyerman v. Blakesley*, 13 Mo.

App. 407 ; *Eyerman v. Provenchere*, 15 Mo. App. 256 ; *Prendergast v. Richards*, 2 Mo. App. 187.

LOUIS GOTTSCHALK, for the respondents : "A judgment upon a special tax bill, for defendant, which tax bill was irregular, but not void, is a bar to a subsequent action and a new tax bill issued is issued without authority." *Eyerman v. Sculley*, 16 Mo. App. 498. The special tax bill in this case was not void, but merely irregular. *Neenan v. Smith*, 60 Mo. 292, 294 ; *Bank v. Arnoldia*, 63 Mo. 229 ; *Bank v. Nelson*, 64 Mo. 420. The plaintiff was guilty of such laches, that he cannot maintain this action, nor had the board of public improvements a right, after such a lapse of time, to make any assessment. This must be done, under the charter of 1867, when the work is completed. Here fifteen years have elapsed. *Gunby v. Brown*, 86 Mo. 258. The lien of the tax commences from the time of the assessment and issue of the tax bill. *Anderson v. Holland*, 40 Mo. 600.

THOMPSON, J., delivered the opinion of the court.

This was an action upon a special tax bill. A trial before the judge, sitting as a jury, resulted in a judgment for the defendants. The ground on which this judgment was rendered was the following state of facts, which stands admitted : That in the year 1869, a special tax bill was issued for the work and against the property named in the present tax bill ; that an action was brought thereon against two of the parties who are defendants in the present action, and a judgment recovered therein in the circuit court, which, in 1875, was reversed by the Supreme Court and remanded to the circuit court. The case, as reported, is *Weber v. Schergens*, 59 Mo. 389 ; that thereafter the cause stood in the circuit court until the year 1877, when the plaintiff voluntarily dismissed it ; that, in 1874, the plaintiff instituted another suit on the same special tax bill against three of the parties who are defendants in this suit, which, in 1875, was finally decided by the general term of the

circuit court against the plaintiff, on a demurrer to the petition ; and that, in 1884, the present tax bill was issued and the present suit afterwards commenced thereon. Upon these facts the learned judge of the circuit court took the view that the tax bill of 1869 was not void, because, if the Supreme Court had so regarded it, they would, in reversing the judgment of the circuit court, have rendered, or directed, a judgment for the defendants. As will be seen by the opinion of the Supreme Court ( *Weber v. Schergens*, 59 Mo. 389, 393), the court took the view that the assessment was "unlawful" because the assessment had been based upon the cost of the work in front of the block within which the property was situated, instead of upon the cost of the entire work. But the court did not hold that the tax bill was, for that reason, entirely void and incapable of correction. To have so held must necessarily have resulted in a judgment for the defendants ; since a void tax bill could not be the foundation of an action any more than a counterfeit promissory note, and it would be quite meaningless to remand a cause for further proceeding where the instrument which is the foundation of the action is wholly incapable of supporting a recovery.

Many decisions in this state show that irregularities in such special assessments, whereby the property is charged with a greater amount than its proportion of the cost of the entire work, do not render the tax bill absolutely void, so as to be incapable of amendment. In *Neenan v. Smith* (60 Mo. 292) our Supreme Court, speaking on this subject, used the following language : "The court properly enough refused defendant's first instruction, because it made the tax bills entirely void if any other work or materials were apportioned or assumed in the bills than what was included in the contract. This would have invalidated the bills and deprived the contractor, who had honestly done his work, of all redress, if the engineer had made a trifling mistake in the matter of the computation or assess-

ment. A proposition which would lead to such a result would be manifestly unjust, and cannot be law." This doctrine was reaffirmed in *First National Bank v. Arnoldia* (63 Mo. 229), where it was held, citing and following the case last cited, that the fact that a special tax bill is made to include work done by one who has no contract therefor with the city, does not invalidate the whole bill and prevent all recovery thereon. The same principle was applied in *First National Bank v. Nelson* (64 Mo. 418), where the city engineer had likewise apportioned the cost against the defendant's property upon an erroneous theory. This court applied the same principle in *Creamer v. McCune* (7 Mo. App. 91); holding that the engineer might correct his errors and issue a new tax bill, or that the trial court might, on the discovery of an error in a tax bill which is easily determinable and capable of rectification, apply the proper correction in the reduction of the amount to be recovered. In that case this court, speaking through Judge Lewis, said: "In *Neenan v. Smith*, above cited, it was held that an over-assessment resulting from the introduction of matters not properly chargeable against the defendant's property might be deducted by the jury, and the correct amount be thus ascertained. The rule is equally applicable here, where an over-assessment results from a failure to include certain assessable property in the apportionment. The circuit court refused to instruct for the plaintiff to this effect. The judgment is, therefore, reversed and the cause remanded." In the more recent and leading case of *Farrar v. St. Louis* (80 Mo. 379, 393), the Supreme Court, on the authority of *Neenan v. Smith*, and *First National Bank v. Arnoldia*, above cited, held that the fact that the cost of that portion of the pavement of a street which lay between the rails of the track of a railway company, was not assessed against the company, but was included in the charge against the defendant's property, did not render the tax bill void. Judge Norton, in giving the opinion of the court, said: "If, in performing these duties,

the law is not observed, and the cost of the improvement between the rails of the company's tracks is assessed against the property fronting on the avenue, the most that could be said of it is, that the tax bill would only be invalid to that extent, and that it would still be valid to the extent of the true amount for which the lot is liable.'' There can be no distinction in principle between the errors in respect of which the tax bills were held amendable in these cases and in the case at bar. They were not cases of mere mistakes in mathematical calculations, but they were cases of assessments made upon erroneous and illegal bases of apportionment. It is not perceived why, in the suit which was first brought upon the tax bill issued to the plaintiff for this work against the property, the court and jury could not, in like manner, have made the proper correction upon the defendants' request ; or why the proper official of the city could not have been allowed to make it in furtherance of justice, just as a sheriff or constable is allowed to amend his return. But there is this to be observed : that such an amendment of a tax bill, if made, would not have worked in favor of the defendants, but would have worked in favor of the plaintiff ; since the amount which is charged upon the property in the present bill, which is made out on the theory of assessment prescribed by the judgment of the Supreme Court, in the action on the former bill, is greater than the amount charged against it by the former bill ; so that the irregularity of the original bill was, in point of fact, an irregularity in favor of the defendants. We conclude, therefore, that the original tax bill was not void, but merely irregular and amendable.

It must be confessed that the foregoing decisions, when compared with our own decisions in *Prendergast v. Richards* (2 Mo. App. 187); *Eyermann v. Blakesley* (13 Mo. App. 407); and *Eyerman v. Provenchere* (15 Mo. App. 256), leave the law in a very unsatisfactory state in respect of the question what errors will render a

tax bill absolutely void, and what errors will render it merely irregular and amendable.    Whatever might be said with reference to the question in respect of the tax bill in the case now before us, we must regard it as concluded by the decision of the Supreme Court in *Weber v. Schergens* (59 Mo. 389), which, upon this question, has conclusively pronounced the law of this case.    If, with that decision out of the way, we were called upon to decide whether such an irregularity as affected the tax bill of 1869, issued against this property, is to be deemed void, or voidable merely, so as to exclude or let in the present action on a new bill, we should find ourselves face to face with another question which might present very serious difficulty.    The issuing of a void bill does not, as we have held, disable the proper ministerial officer of the city from subsequently issuing a correct bill.    But this power of amendment involves the power of keeping a secret lien hanging over property.    And shall this power continue forever, passing, as we have held it may, from one successor in office to another?    The tax bill which is the foundation of this action was issued fourteen years after the issuing of the first tax bill against this property for the doing of this work, and not by the same official, but by his successor in what we have held is substantially the same office.    *Eyerman v. Blakesley*, 13 Mo. App. 411.    If a new bill, correcting the errors of the old, could be issued by such an official fourteen years after the issuing of the old, we know of no principle on which it might not be issued a hundred years thereafter.    In the meantime the land, as here, has been subdivided, sold and resold to persons who have bought it on the faith of there being no such lien against it.    What shall be said of the rights of the purchasers of land against such secret liens if, by the prolonging of this power of amendment, they can be indefinitely continued?

This necessarily conducts us to the conclusion that the two former actions constitute a bar to the present

action. It was held by this court, in *Eyermann v. Scollay* (16 Mo. App. 498), that a judgment in favor of the defendants on a special tax bill, which is merely irregular but not void, is a bar to a subsequent action by the same plaintiff against the same defendants on an amended bill for the same work. Applying the principle of that case to the facts of this, we see no ground for escaping the conclusion of the circuit judge that the present action is barred as to all the defendants who were parties to the first suit upon the tax bill of 1869, for the reason that the present suit is to be deemed a suit upon the same cause of action, and was not brought within one year after the dismissal of that suit in 1877 (Rev. Stat. sec. 3239); and that it is barred as to the defendants who were defendants in the second action brought upon the tax bill of 1869, because that action resulted in a judgment in favor of the defendants on the merits. As to the other defendants they are privies with those who were defendants in these two actions, and consequently the action is barred as to them.

The judgment will be affirmed. It is so ordered. All the judges concur.