WILLIAM W. SMITH, Appellant, v. CHARLES E. SMALL *et al.*, Respondents.

| 50 | 401 |
| 95 | 160 |

Kansas City Court of Appeals, May 30, 1892.

**Municipal Corporations:** STREET IMPROVEMENT: SPECIAL TAX BILL: ORDINANCE CONSTRUED. An ordinance provided for the improvement of Main street from Nineteenth to Twentieth streets; prior to its passage the work on Main and to the south line of Nineteenth street in front of defendant's lot had been done while improving Main from Thirteenth to Nineteenth under a prior contract, though no tax bill issued against defendant under such prior contract for such work. *Held*, the ordinance and contract for the improvement from Nineteenth to Twentieth street did not cover the work in front of defendant's lot nor authorize the issuance of a tax bill therefor.

*Appeal from the Jackson Circuit Court.*—Hon. John W. Henry, Judge.

Affirmed.

*Scarritt & Scarritt,* for appellant.

The undisputed testimony in this case shows that the lot described in the tax bill which is the subject of this action was within the limits of the work required to be done under the contract and ordinance. The court erred, therefore, in refusing each and every one of plaintiff's instructions, and in giving for defendants instruction, numbered 1, on its own motion. Charter Kansas City, art. 8, secs. 2, 3, p. 73; *Neenan v. Smith,* 50 Mo. 526; s. c., 60 Mo. 292; *City of St. Louis v. Clemens,* 49 Mo. 552; Cooley on Constitutional Limitations [3 Ed.] pp. 507, 508; *Weber v. Saberjens,* 59 Mo. 389: *Farrar v. City of St. Louis,* 80 Mo. 394; *Powell v. City of St. Joseph,* 31 Mo. 347; *Garrett v. City of St. Louis,* 25 Mo. 505.

*Gage, Ladd & Small,* for respondents.

(1) Appellant in his statement and brief contends that his contract and the ordinance under which it was made "required the paving of Main street from the north line of Nineteenth street to Twentieth street, and that lot 490 is embraced in the limits of the street to be paved." This being so, it necessarily follows that the tax bill against respondent's lot is void because no pavement was ever laid in front of his lot, and neither the contract nor the ordinance was complied with, nor the work completed. *Myer v. Wright,* 19 Mo. App. 283. (2) It is, however, not true that the last ordinance and contract required the pavement to be laid from the North line of Nineteenth street.

ELLISON, J.—This action is to enforce a special tax bill issued against lot 490, situated on the southeast corner of Nineteenth and Main streets, Kansas City. Nineteenth street was widened from this point west, from forty-nine and one-half feet to one hundred feet, which made a jog, causing the west end of the lot in question to front *in* Nineteenth street as well as on Main street. Though this fact may have been the cause of this litigation, it really has nothing to do with the legal question involved. Some time before the contract under which this tax bill issued was let, Main street had been paved, under contract, from "Thirteenth street to Nineteenth street." In doing this work the contractor carried the paving to the south line of Nineteenth, as widened, thus paving in front of the lot in controversy; whether he did this thinking his contract required him to do so, we need not inquire, though in fact no tax bill was issued against the lot for the work done under this contract. Afterwards, the contract, under which this tax bill was issued, was let for paving Main street from "Nineteenth street to Twentieth street." As the paving was already laid across Nineteenth street, and in front of defendant's lot, none was laid in front of that lot under this last contract, though the cost of the whole was apportioned as though it included this lot, and this tax bill was issued as though this lot was within the paved district.

Since Main street, at the time the last contract was let, was paved to the south line of Nineteenth street, we ought to assume that the ordinance and contract for paving from "Nineteenth to Twentieth streets" was intended to begin where the other left off. Such must have been the meaning of the ordinance, and the understanding of the contractor. It, therefore, seems clear that no paving was contemplated or required to be done in front of the defendant's lot under the last

contract, and, since none was done, we are at a loss to discover any merit in plaintiff's undertaking to charge the lot with a portion of the tax. It is doubtless true that in a city with charter powers similar to Kansas City, authorizing the city to require a street, or a portion of a street, to be graded and paved, and the cost of the *whole work in the paved limit* to be apportioned on each lot as per front foot, regardless of what the work may actually cost in front of any particular lot, a property-owner would not be permitted to free his lot by grading and paving in front thereof. If this could be done the property fronting on parts of the street where the work was light would be able to escape its just proportion of the total cost of the work. *All* the property is benefited alike in the improved district, and the theory is that all should bear, proportionately, the cost of the improvement. But plaintiff has no case to which this rule can be applied. The defendant's lot is not within the limit of the street to be paved under the last contract. The judgment was unquestionably for the right party, and will be affirmed. All concur.