HENRY DUNKER, Appellant, v. PHILIP F. STIEFEL
*et al.*, Respondents.

St. Louis Court of Appeals, April 3, 1894.

Special Taxes: RECONSTRUCTION OF STREET OF VARYING WIDTH IN CITY OF ST. LOUIS: POWERS OF BOARD OF PUBLIC IMPROVEMENTS. The board of public improvements of the city of St. Louis has the power to define the extent and general regulations of the work in the reconstruction of a street in that city. Contiguous parts of such a street which vary in width may be reconstructed under one contract, and a lot fronting on a narrow portion of the street be assessed for its *pro rata* of the cost of the entire improvement.

*Appeal from the St. Louis City Circuit Court.*—HON. DANIEL DILLON, Judge.

AFFIRMED.

*Lubke & Muench* for appellant.

Appellant had paid all he was legally liable for, *i. e.*, his share of the cost of reconstructing that part of the

street between Leffingwell and Compton avenues where the improved street is of uniform width. Appellant's property within the meaning of the city charter is "adjoining" property only to that extent. City Charter, art. 6, sec. 18 (Revised Statutes 1889, p. 2123); *Kemper v. King*, 11 Mo. App. 127; *Halpin v. Campbell*, 71 Mo. 493; *O'Meara v. Green*, 16 Mo. App. 118; *City v. Juppier*, 16 Mo. App. 557.

*Laughlin, Wood & Tansey* for respondents.

In work of this kind, the amount of the whole work done is to be ascertained, and each lot fronting on the work so done is to be charged in the proportion that its frontage bears to that of all the lots fronting on said work, irrespective of the depth of the lots or the width of the street. It is not the law, as the appellant contends, that each lot should be charged solely with the cost of reconstructing that portion of the street which lies immediately before it. That is not the meaning placed on the word "adjoining." *Neenan v. Smith*, 50 Mo. 531; *Egyptian Levee Co. v. Harden*, 27 Mo. 495; *Garrett v. City of St. Louis*, 25 Mo. 505; *City of St. Joseph v. Donehue*, 31 Mo. 345; Sutherland on Statutory Construction, sec. 309, *et seq.*; *Express Co. v. St. Joseph*, 66 Mo. 580; *Farrar v. City of St. Louis*, 80 Mo. 379–396; *Weber v. Schergens*, 59 Mo. 389; *City of St. Louis v. Clemens*, 49 Mo. 552–555; *Fowler v. City of St. Joseph*, 37 Mo. 228; Cooley on Constitutional Limitations [Ed. 1890], 507, 508, 625; Cooley on Taxation [2 Ed.], 46; *Kieley v. Craner*, 51 Mo. 541; *Halpin v. Campbell*, 71 Mo. 494; *Galberath v. Newton*, 45 Mo. App. 312; Endlich on Interpretation of Statutes, p. 500, *et seq.*

BOND, J.—The appellant filed in the court below an amended petition, in substance stating that respond-

ents were copartners under the firm name and style of Stiefel & Ruckert; that appellant owned and possessed in fee simple eight (8) lots, fronting twenty-five feet each on the north side of Franklin avenue and running back northwardly a depth of one hundred and thirty-four feet and eight inches to an alley; that, by proper ordinance duly enacted, the municipal assembly of the city of St. Louis directed the reconstruction of that portion of Franklin avenue between Jefferson avenue and Compton avenue; that the property of appellant lies within the reconstruction district established by said ordinance; that Franklin avenue, between the cross avenues named in said ordinance, is of irregular width and is narrowest opposite, or in front of, appellant's said property; that the distance between the two cross avenues bounding said reconstruction district is eight blocks; that about midway between said cross avenues Franklin avenue becomes very wide by reason of the intersection of Wash street; that defendants under contract with the city performed the work of reconstruction of Franklin avenue within said district as one job; that appellant, however, warned defendants not to do any work under said ordinance.

The petition then avers that, under the scheme and charter governing the city of St. Louis, appellant could only be charged as an adjoining owner for improvements like those mentioned in said ordinance, provided the street whereon the same are constructed is *uniform* in front of appellant's property, and that appellant would not be chargeable with any part of the cost of reconstructing the said street at other points where said street is not uniform in width, whether at such other points it is narrower or wider than it is in front of appellant's said property.

The petition then states that, after the performance by the defendants of the work in question, the

cost thereof was assessed along the eight blocks comprised within the improved district according to the linear foot regardless of the said irregular width of said Franklin avenue, whereby the eight special tax bills against appellant's lots were issued for $148.56 each, when they should have been issued for $93.58 each, "as their part respectively of the cost of the work of the reconstructing of said Franklin avenue in front of said lots respectively, under said ordinance number 16505, and where the said avenue is uniform, as above stated;" and that appellant, having paid the latter amount on account of each of said bills, notwithstanding which defendants are claiming the full amount for which said special tax bills were issued, prays for a decree satisfying said eight special tax bills and for cancellation and surrender of the same, and for general relief.

The respondents demurred to the foregoing petition on the ground that it did not set forth facts sufficient to constitute a cause of action, which demurrer was sustained by the circuit court; whereupon appellant declined to plead further, and appealed to this court, where the only question presented is as to the sufficiency of appellant's petition in setting forth a cause of action.

The theory of appellant is, that the reconstruction district created by said ordinance is too large; that it should have been subdivided, and its reconstruction had under different ordinances and different contracts, "so that the owners of property fronting the widest part of the street would have to pay for that, and those who front the narrowest part" should pay for the latter portion only, and that, inasmuch as the ordinance in question did not subdivide the "reconstruction district," and did not let the same under separate contracts, in order to confine the liability of appellant's lots to that

portion of the street (which was of uniform width) adjoining them, it was unreasonable and void.

The fallacy in appellant's contention arises from a misconception of the power of the board of public improvements in preparing the ordinance recommending the work.

Under the charter the board of public improvements must first recommend all ordinances for such improvements, and "all ordinances recommended by said board shall specify the character of the work, its extent, the material to be used, the manner and general regulations under which it shall be executed, and the fund out of which it shall be paid, and shall be indorsed with the estimate of the costs thereof." Charter, art. 6, sec. 15.

Under another provision of the charter "no ordinances for the construction or reconstruction of any street * * * shall be passed, unless recommended by the board of public improvements." Charter, art. 6, sec. 14. It is clear, therefore, that the power of defining the *extent* and general regulations of the work of reconstruction is lodged with the board of public improvements.

We hold that the discretion thus devolved is not open to review in this proceeding on the grounds alleged in the petition. We further hold that there is no merit in the contention of appellant that his lots could only be assessed for the *pro rata* of the costs of improving such portion only of the street as is of uniform width and adjoining said lots.

The requirement of the charter, that local assessments for street improvements "shall be charged upon the adjoining property as a special tax," contemplates that the amount of the whole work shall be ascertained "and each lot shall be charged in the proportion that its frontage bears to that of all the lots." *Neenan*

*v. Smith*, 50 Mo. 531; *City to use v. Clemens*, 49 Mo. 552; *Weber v. Schergens*, 59 Mo. 389.

In the last case. *supra* it was said: "It may, and frequently does, happen, where streets and alleys are wider in one block than they are in another, and sometimes for other causes, the assessment of the cost of the work by the block would produce an unequal result. It has been repeatedly held by this court, that such assessments are unlawful." This only means that assessments for fractional parts of the work done under an entire contract against fractional parts of the property benefited, are unlawful.

See, also, *Powell v. City of St. Joseph*, 31 Mo. 347; *Farrar v. City of St. Louis*, 80 Mo. 379.

The result is, the judgment herein is affirmed. All concur.