DUSTON ADAMS, Appellant, v. MEDA F. GREEN et al., Respondents.

### Kansas City Court of Appeals, March 7, 1898.

Special Tax: KANSAS CITY CHARTER: APPORTIONMENT OF SIDEWALK COST. Under the freeholders' charter of Kansas City the whole cost of making a new sidewalk should be apportioned against the lot according to its frontage on such sidewalk, and a tax bill charging the exact cost of the walk in front of a given lot against such lot is void.

*Appeal from the Jackson Circuit Court.*—HON. C. L. DOBSON, Judge.

AFFIRMED.

ROBERT ADAMS for appellant.

(1) The special tax bills introduced in evidence are by positive law *prima facie* evidence of the liability they purport to declare. Amended Charter of Kansas City, sec. 18, art. 9, p. 25; Wolfort v. St. Louis, 115 Mo. 139–144. (2) It seems clear that the charter requires that the cost of the sidewalk should be assessed upon the land to which it adjoins. Rex v. Hodges, 1 Moody & Malkin, 341–343; Holmes v. Carley, 31 N. Y. 289; Walton v. R'y, 67 Mo. 56; Truax v. Pool, 46 Iowa, 258; Akers v. R'y, 45 N. J. L. 110; Kemper v. King, 11 Mo. App. 116; Sands v. Richmond, 31 Gratt. 571, 576, 577. (3) City of Independence to use v. Briggs,

58 Mo. App. 241-245, and an ordinance requiring the construction of a sidewalk, would necessarily include a foundation, if any was required in front of certain lots, and this support may be well regarded as a matter of detail, and not necessary to be inserted in the ordinance. City of St. Joseph v. Gibson, 110 Mo. 55; Cole v. Skrainka, 105 Mo. 303, 309, 310; Gibson v. Owens, 115 Mo. 258, 268. (4) The charter relating to the assessments for improvements of this character has been constructed by the department charged with its execution as requiring the entire cost to be paid by the owners of the adjoining lots, and such construction will not be overturned by the courts without grave reasons. U. S. v. R'y, 142 U. S. 615-621; U. S. v. Philbank, 120 U. S. 52-59; U. S. v. Bank, 6 Pet. 38, 39; Stuart v. Land, 1 Cranch. 298; U. S. v. Moore, 95 U. S. 763; Mathews v. Shores, 24 Ill. 29; French v. Cowan, 79 Me. 426-434; State ex rel. v. Mayor, 49 Mo. 401-404.

POWELL & POWELL for respondents.

(1) Plaintiff can not recover for the cost of the retaining wall charged in the two special tax bills for the reason that there was no ordinance providing for building such retaining wall. Amended charter of 1892, p. 17, sec. 2. (2) The power to order this stone retaining wall could not be delegated by the common council to the city engineer. City of St. Joseph ex rel. v. Wiltsture, 47 Mo. App. 130; Galbraith v. Newton, 30 Mo. App. 392; Ruggles v. Collier, 43 Mo. 365. (3) "The cost of all work on any sidewalk including curbing and guttering along the side thereof—exclusive of the grading of the same shall be charged as a special tax upon the adjoining lands according to the frontage thereof on the sidewalk." Charter of 1889, p. 34,

sec. 5; City to use v. Clemens, 49 Mo. 552; Independence v. Gates, 110 Mo. 380; Neenan v. Smith, 50 Mo. 525-531; Eyerman v. Hardy, 8 Mo. App. 311-313. (4) Under the circumstances in this case the tax bills are void and no recovery can be had at all under them. McQuiddy v. Vineyard, 60 Mo. App. 610; Bank v. Ridge, 62 Mo. App. 324; Independence v. Gates, 110 Mo. 374.

ELLISON, J.—This action is based on two special tax bills issued against two lots owned by defendant, which were assigned to plaintiff by the contractor for building a sidewalk. The judgment below was for defendant on the ground that the tax bills were void.

The work was done under an ordinance directing that the walk be constructed either of artificial stone, stone flagging, or vitrified brick, on both sides of Brooklyn avenue from the north side of Independence avenue to the south side of Aimee street, in Kansas City. Several persons owned property abutting upon Brooklyn avenue between the points named. The ordinance permitted the property owners to construct the walks in front of their own property according to specifications for the work, which specifications covered, separately, each kind of material mentioned in the ordinance. And several of the owners built walks in front of their property, some choosing vitrified brick and some artificial stone of different patterns; the cost of these different materials differing. The relative topography of defendants' lots and the adjoining street was such that it was necessary to build a stone retaining wall in front of defendants' lots at a cost exceeding that of the walk itself. The cost of this wall is included in the tax bill in suit.

The charter of Kansas City provides that: "The

cost of all work on any sidewalk including curbing and guttering along the side thereof—exclusive of the grading of the same shall be charged as a special tax upon the adjoining lands according to the frontage thereof on the sidewalk.'' Charter of 1889, p. 34, sec. 5.

The charter also provides that: ''When any work other than grading, or regrading as last aforesaid, shall be completed and is to be paid for in special tax bills, the board of public works shall cause the city engineer to compute the cost thereof and apportion the same among the several lots or parcels of land to be charged therewith, and charge each lot or parcel of land with its proper share of such cost according to the frontage of such land. The board of public works shall after the cost of any work has been so apportioned for payment in special tax bills, make out and certify in favor of the contractor or contractors to be paid, a special tax bill according to such apportionment against each lot or parcel of land to be charged.''

In this case the city engineer and the board of public works in arriving at the amount to be charged against defendants' property took the exact cost of the walk in the immediate front of defendants' property instead of taking the whole cost of the entire walk ordered by the ordinance and apportioning to defendants' property its proportionate share as defendants contend should have been done. To that amount was added the entire cost of the retaining wall as before stated.

In our opinion the trial court properly held the bills void. The plain direction of section 6 of the charter above quoted is that when any SPECIAL tax: Kansas City walk has been completed the cost of the charter: apportionment of side- walk must be apportioned among the several lots according to its frontage. That means that the cost of the *whole* walk shall be appor-

tioned. This case illustrates the wisdom of the charter provision. For, presumably, the whole walk was just as valuable to the property holders along its line as to these defendants, yet it is sought to put the very unequal burden on their property by charging it with the building of a wall, such wall being just as necessary to the use of other .portions of the walk as to the defendants' lots. Frequently lots lie in such way as that an expensive viaduct must be built for a sidewalk. It is not reasonable or just to suppose that its entire cost would be charged against the abutting lot. The city "can not tax a single man for his own benefit alone, but it can tax a group of citizens for their joint benefit." Independence v. Gates, 110 Mo. 374. "It was obviously never intended that the assessment should be made and this property charged for the work done on its front. But the property must bear its just proportion to the whole work according to its frontage * * * and the assessment should be made in the proportion which the whole frontage of any particular lot bears to the entire work." City to use, etc., v. Clemens, 49 Mo. 552.

Other objections were made by counsel to the validity of the bills, but since what we have said disposes of the case it is not necessary to consider them.

The judgment is affirmed. All concur.