MUNICIPAL SECURITIES CORPORATION Respondent, v. METROPOLITAN STREET RY. CO. et al.

Kansas City Court of Appeals, April 30, 1917.

1. **TAXBILLS: Street Railways: Street Pavement: Abutting Property.** The property of a street railway company on which is located car barns and shops and connected with the tracks on the street by numerous switch tracks, is liable for its proportion of the entire cost of paving the street on which said property abuts, notwithstanding no paving was done on that part of the street where the switch tracks were laid to connect the railway in the street with the car barn and shop, the street railway having paved that part under the requirements of its franchise, the opposite side of the street, however, being paved under a public improvement ordinance covering several blocks and for the payment of which tax bills sued upon herein were issued.

2. ———: **Franchise: Street Paving.** Where a street railway has, under the requirements of its franchise, paved a street in front of premises owned by it, abutting on said street, it is not relieved of liability for its share of the cost of paving the entire street, notwithstanding the contractor to whom the tax bills were issued did no paving in front of the property of the street railway except on the opposite side of said street.

3. ———: **Charter of Kansas City.** The Charter of Kansas City does not recognize any longitudinal line dividing a street and making the property on one side of the street bear the burden of paving up to such a line, and the property on the other side bear a like burden upon its side. All property is benefited alike in an improved district and all should bear proportionately the cost of the improvement.

4. ———: **Abutting Property: Proportionate Cost.** Because the amount of paving done in front of some of the property abutting on a street is less than in front of other property does not relieve it of the burden of its proportionate amount of the cost of the entire work.

Appeal from Jackson Circuit Court.—*Hon. O. A. Lucas,*
Judge.

AFFIRMED.

*Clyde Taylor* and *Louis Weiss* for appellants.

*W. R. James* and *Clarence S. Palmer* for respondent.

BLAND, J.—This is a suit upon a paving tax bill issued against defendants' land. The case was tried upon an agreed statement of facts, the material part being as follows:

"It is agreed that upon the land so owned by the defendants, at the time said pavement was laid, and prior thereto and ever since said time, defendants maintained a car barn, a shop, etc., and that said defendants owned and operated on Southwest Boulevard a double track street railway, and maintained switches connecting their said property with the tracks in the street; that by the terms of the franchise ordinance from Kansas City, which was long prior to the special ordinance authorizing the improvement for which the tax bill in question was issued, it was the duty of the defendants to pave the spaces between the rails of its said switch tracks and for a space of eighteen inches outside the tracks, and to maintain such pavement, and that the defendants did construct and maintain such pavement; that Ordinance No. 6255, authorizing the paving of Southwest Boulevard, for which the tax bill in question was issued in part payment, specifically excepted the spaces required to be paved and maintained by defendants under its franchise ordinance, and the contractor who did the work for which said tax bill was issued was not required by his contract to do, and he did not do any work upon the spaces so required

to be maintained by the defendants, and such yardage was not included in the total yardage laid by said contractor, but on the side of Southwest Boulevard opposite the said land of the defendants, did construct paving between the curb and a line distant eighteen inches from the Northwest rail of the tracks of defendant in said street. It is also agreed that the contractor did construct paving on the side of Southwest Boulevard on which defendants' property is located, and abutting defendants' property, between the curb and a line eighteen inches distant from the Southeast rail of the tracks of defendants in said street, for a distance of 103 lineal feet; that defendants' property had a frontage of 257.7 feet upon Southwest Boulevard, and that all of said frontage abuts on paving laid and maintained by defendants, save and except the 103 feet frontage mentioned above;''

Defendants maintained a number of switch tracks leading into said car barn and shop and in compliance with the requirements of its franchise paved between these tracks and eighteen inches on both sides thereof, and as a result thereof 154.7 feet of defendants' total frontage of 257.7 feet was entirely paved, leaving 103 feet in front of defendants' property that was not paved by defendants, but by the paving contractor. It is to be borne in mind that the defendants did no paving whatever except that which was required by their franchise. Under these facts defendants claim that said 154.7 feet of their property in front of which they had already paved, is not liable for this improvement.

Defendants base this argument upon the claim that the city required them to do the paving that was done by them, and, therefore, that part of their property fronting on the part of the street paved by them should be exempt from any assessment for the cost of this improvement, and a number of cases are cited by defendants tending to support this contention. However, the trouble with this contention is that the city in a general sense did not require defendants to do the paving done by them but such paving was done by reason of the requirement of defendants' franchise fixing the burden on them to pave

between their tracks and eighteen inches on each side thereof. This agreement to do this paving was a part of the consideration given by defendants to the city in obtaining their franchise through which they secured the privilege of operating their cars on the streets of the city. The paving that was done by defendants was therefore paid for by the city in defendants' franchise and defendants are no more entitled to the benefit of this improvement made by them than if the city itself had done the paving with its own funds.

Defendants' contention that the agreed statement of facts does not show that it was a part of the *consideration* of the franchise that defendants pave within their tracks and eighteen inches on each side thereof is not well taken, for, although the agreed statement of facts does not use the word "consideration," it states that this paving was done under the requirements of the franchise. It is too plain for argument that any requirements made of defendants in the franchise were a part of the consideration for the same.

However, defendants say that as there was no paving done in front of this 154.7 feet owned by defendants that said property could not be assessed for the improvement, and cites in support thereof Smith v. Small, 50 Mo. App. 401; Halpin v. Campbell, 71 Mo. 493. In the former case the court disallowed the tax bill against defendant's land for the reason that the street in front of his property was not included within the proceedings to pave the street, and in the latter case the city attempted to include within the impovement ordinance a large section of the street that had already been improved and paid for by the abutting property owners under requirements made by the city; for this reason the court held that it would be inequitable to make these property owners stand the burden of paying for the improvement on other portions of the street when they had already paid for the improvement in front of their property. Neither one of these cases is an authority on the case at bar, for in this case the proceedings provide for the improvement of the street starting with the State line and running several blocks north-

eastwardly along and in front of defendant's entire property and several blocks beyond the same, and the latter case, of course, is not in point, for the reason that defendants, as we have already stated, cannot belikened to an ordinary property owner, paying for the paving in front of his property.

The Charter of Kansas City provides that the city shall "charge each lot or parcel of land with its proper share of such cost according to the frontage of such land on the street, avenue, alley or highway, or part thereof, named in the contract for the doing of the work." [Section 3, Art. 8, p. 314.]

Under provisions like these it has been often held in this state that the cost of the entire improvement is to be apportioned to each lot in accordance with its front feet, regardless of what the work may actually cost in front of any particular lot, and it is therefore said that an owner will not be permitted to free his lot by voluntarily grading and paving in front thereof. [Smith v. Small supra, l. c. 404.]

All the property is benefited alike in an improved district and the theory is that all should bear proportionately the cost of the improvement (Smith v. Small, supra; Heman Construction Co. v. McManus, 102 Mo. App. 649; Neenan v. Smith, 50 Mo. 525; City of St. Louis, to use McGrath, v. Clemens, 49 Mo. 552), and it is held in Gibson v. Kayser, 16 Mo. App. l. c. 407, that although no improvement is done in front of defendant's lot which is included in the improvement proceedings covering a number of blocks of property in one of which defendant's lot fronts upon the street improved, that the fact that no work is done in front of defendant's particular lot but that all the work is done in front of the lots of other owners fronting on the improvement, does not relieve defendant's lot from bearing its proportionate burden of the cost of the improvement.

Aside from this, the contractors actually did paving work in front of this 154.7 feet of defendants' property, in that the space between the car tracks and the curbing on the northwest side of the street, or the opposite side

of the street from defendants' property, was paved. It is apparent from reading the cases referred to herein that the Charter of Kansas City does not recognize any longitudinal line dividing the street and making the property on one side of the street bear the burden of paving up to such a line, and the property on the other side bear a like burden upon its side. Therefore, although the space paved was on the opposite side of the street, it was in front of defendants' property. 'It has often been held that the fact that the amount of paving in front of defendant's property is less than that in front of other property abutting on the street does not relieve the defendant whose land abuts upon the space where the amount of pavement is the smallest of the burden of paying his proportionate amount of the cost of the entire work. [Paving Co. v. Munn, 185 Mo. 552; Dunker v. Stiefel, 57 Mo. App. 379.]

From what we have said defendants' entire property is liable for its proportion of the entire cost of the work done in this proceeding.

The judgment will, therefore, be affirmed. All concur.