115  139
131   25
115  139
151  519

WOLFORT, *Appellant*, v. THE CITY OF ST. LOUIS.

Division One, March 25, 1893.

1. **Municipal Corporation**: TAXES: STREET IMPROVEMENT: CITY OF ST. LOUIS.    The provisions of the charter of St. Louis, limiting the amount of special taxes for street improvements to twenty-five per centum of the assessed value of the property chargeable with such tax, discussed.

2. ——: ——: ——: ——.  Where such taxes are leviable on the "adjoining property," "calculating a depth to such property of one hundred and fifty feet," a tract of land bordering on the improved street and running back from it to a depth of sixty feet is subject to taxation when used as an entirety by the owner, though the tract is formed of two lots according to the plat of original survey.

3. ——: SPECIAL TAX BILLS: CITY OF ST. LOUIS.    Special tax bills for street reconstruction in St. Louis are *prima facie* evidence of the liability they purport to declare.

*Appeal from St. Louis City Circuit Court.*

AFFIRMED.

PLAINTIFF appealed from a judgment in favor of defendant after a demurrer to his petition had been sustained.

*S. B. Kellogg* and *W. B. Homer* for appellant.

(1) The court erred in sustaining the defendant's demurrer.    (2) Lots 7 and 8 were not chargeable as one lot for the cost of reconstruction, but lot 8 alone bordering on Florida street is alone chargeable for reconstruction, and that only to the extent of twenty-five per cent. of its assessed value, and the city is chargeable for any excess of cost above that amount.

The term lot used in the ordinance is a platted and recorded lot at the time the work is done. *Steifel v. Brown*, 24 Mo. App. 102; *Kemper v. King*, 11 Mo. App. 116. (3) The power to charge private property with the cost of public improvements against the will of the owners is a power which must be strictly pursued. *Kemper v. King*, 11 Mo. App. 129; *Allen v. Krenning*, 23 Mo. App. 561. (4) The plaintiff is entitled to recover the money appropriated by said ordinance for his benefit, being the excess of the cost of the improvement over twenty-five per cent. of the assessed value of lot 8. (5) It is presumed that public officers discharge their duties properly. *City of St. Joseph v. Farrell*, 106 Mo. 437; *State ex rel. v. Mastin*, 103 Mo. 508. (6) The plaintiff paid the bill in entire ignorance of the facts. (7) The common law raises an implied promise to pay the amount so assessed by the city in error and collected from the plaintiff while the defendant retains in its treasury the amount appropriated for this identical purpose.

*W. C. Marshall* for respondent.

(1) Plaintiff's proper course, unquestionably, was to resist the payment of the special tax bill. Having paid that to a third person, whether under mistake or voluntarily, affords the plaintiff no cause of action against the city. Stephen on Pleading, p. 18. (2) The doctrine of trustee of an express trust, or a promise made by one person for the benefit of a third person, affording the right to the third person to bring suit on such promise, as laid down by this court in *Rogers v. Gosnell*, 58 Mo. 589; *Schuster v. Railroad*, 60 Mo. 290, and other cases, has no application to the case at bar. Plaintiff states no facts bringing himself within this doctrine. Neither does he state any facts which at

common law would entitle him to maintain an action for money had and received. Bliss on Code Pleading, sec. 54. (3) Even in equity plaintiff states no facts which would entitle him to relief on the ground of a mistake or ignorance as to his rights. A court of equity will not relieve against mistake where the party complaining had within his reach the means of ascertaining the true state of facts, and, without being induced thereto by the other party, neglected to avail himself of his opportunities of information. *Brown v. Fagin*, 71 Mo. 563; *Matthews v. Kansas City*, 80 Mo. 231. (4) Neither would mere ignorance of his legal rights entitle plaintiff to a recovery in this action. *Dailey v. Jessup*, 72 Mo. 144; *St. Louis v. Priest*, 88 Mo. 602; *Norton v. Highleyman*, 88 Mo. 621. (5) Inasmuch as lots 7 and 8 were treated by the owner and the plaintiff as one lot, and improvements covering both were erected thereon by the plaintiff, there was no error in treating them as one lot.

BARCLAY, J.—The trial court found plaintiff's petition insufficient upon demurrer. The correctness of that ruling is questioned by this appeal.

Plaintiff seeks to recover of the city the amount of a special tax bill paid by him to contractors on account of the improvement of Florida street.

Plaintiff has been since 1892 the lessee of a tract of land on the corner of Broadway and Florida streets in St. Louis. The premises include lots numbered 7 and 8, each of thirty feet frontage on Broadway, in city block 245, as appears on the original plats of survey; but in the plaintiff's lease they are described as "sixty feet on the east side of Broadway," etc, with no reference to the respective lot numbers. Lot 8 is on the corner of Florida street, on which it abuts. Both lots have a depth eastwardly from Broadway of one hun-

dred feet.   The premises are covered by one roof and used as stables for the keeping of horses and mules. The city of St. Louis, in the usual manner, under proper ordinances, caused Florida street in 1889 to be reconstructed with granite; and in part payment therefor issued special tax bills against adjoining property, including that of plaintiff.   One such bill for the sum of $812.59 was in favor of the contractors, Allen & Vieths, against the land under lease to plaintiff, including both lots.   The plaintiff paid the amount of the bill to the contractors without controversy.

Part of the costs of the improvement was borne by the city, under one section of the ordinance for the reconstruction of Florida street.   That section best explains itself:

"Section 5.  Whereas the estimated cost of the foregoing work, and all proper connections and intersections required, as provided for by this ordinance, to be assessed against some of the lots fronting or bordering on the aforesaid improvement amounts to more than twenty-five per centum of the assessed value of said lots, therefore the amount in excess of twenty-five per centum shall be paid by the city of St. Louis, and the sum of $6,510 is hereby appropriated on account thereof, payable out of the fund set apart for street reconstruction."

The facts in judgment are all conceded.

The plaintiff's position is that part of the special tax (to the extent or $325.59) levied against the land under lease to him is illegal in that it is in excess of twenty-five per centum of the assessed value of lot 8, which, he claims, is alone chargeable with such tax. He does not assert, nor does his petition show, that the total special tax levied against lots 7 and 8 (regarding them as one tract) is in excess of twenty-five per cent. of its assessed valuation.   The gist of his contention is

that lot 7 is not subject to any such tax for the improvement because that lot does not abut upon Florida street.

The charter provision upon which the case depends is this:

"The cost of construction of all the foregoing improvements within the city shall be apportioned as follows: The grading of new streets, alleys, and the making of cross-walks and the repairs of all streets and highways and cleaning of the same, and of all alleys and cross-walks, shall be paid out of the general revenue of the city; and the paving, curbing, guttering, sidewalks, and the material for the roadways, the repairs of all alleys and sidewalks shall be charged upon the adjoining property as a special tax, and collected and paid as hereinafter provided. Whenever the estimated special taxes to be assessed against any property shall in the aggregate amount to more than twenty-five per cent. of the assessed value of said property calculating a depth to such property of one hundred and fifty feet, then the assembly shall provide out of the general revenue for the payment of the amount in excess of the said twenty-five per cent. The board of public improvements shall notify the assembly whenever an ordinance is pending which requires an appropriation out of the general revenue to pay a part of the cost of the improvements therein contemplated." (St. Louis Charter, art. 6, sec. 18; Revised Statutes, 1889, sec. 18, p. 2123.)

By the limitation of the taxing power above expressed, the right to charge the "adjoining property" for improvements, such as are here in view, is qualified by the phrase "calculating a depth to such property of one hundred and fifty feet," as well as in respect of the amount of the special tax.

No question of the constitutionality of this part of the charter is raised.    Plaintiff relies upon it to protect lot 7 from any charge for work on Florida street, while the city, on the other hand, maintains that it furnishes the authority for taxing both lots.

Regarding the land as an entirety, it abuts on Florida street for a distance of one hundred feet, and runs thence southward to a depth of sixty feet.    If it may properly be so considered and treated, it is plain that the depth from Florida street is not beyond the range of taxation established by the charter.    The city authorities so dealt with it, and that is the substance of plaintiff's complaint.

As the special tax bills are, by positive law, *prima facie* evidence of the liability they purport to declare, the burden devolves on plaintiff to show their incorrectness.

The assessment here was made by the city upon the theory that the land in question constituted but one piece of "adjoining property."

The plaintiff and his lessor certainly treated it as one piece by the description in the lease and by the establishment of one rent therefor.    The plaintiff so treated it in his mode of use and occupancy thereof; and, in our judgment, there was no violation of plaintiff's rights in the action of the city in so treating it.

Where property is unimproved and vacant, the divisions thereof on plats of survey may be generally regarded as the basis for such assessments as these; but where the owner, by the manner of his use and improvement of his land, has discarded such artificial divisions, and has practically made one lot of several, he cannot justly complain if the taxing authority treats his property as one piece, just as he himself has done. *Kemper v. King*, 11 Mo. App. 116.

Without examining any other questions that the facts in the case may suggest, it follows from the above holding that the judgment should be affirmed. It is so ordered. BLACK, C. J., BRACE and MACFARLANE, JJ., concur.