## HEMAN CONSTRUCTION COMPANY, Appellant, v. McMANUS, Respondent.

### St. Louis Court of Appeals, November 17, 1903.

**Municipal Corporations:** SPECIAL TAXBILL. Under the authority of a general ordinance, M. was granted permission to construct a sidewalk "in front of his property," the ordinance and permit being silent as to intersections at the street corners; M. constructed the sidewalk "including the intersections" upon which his property abutted; the annual contractor for the city, who had a contract for constructing, etc., sidewalks on the street between certain points, including M's property, constructed the intersections covered by his contract, excepting those upon which M's property abutted; the ordinance under which the said contractor performed the work, provided that his work should be paid for by special taxbills assessed against "each lot of ground abutting thereon" in proportion to "the lineal feet" thereof, excluding from the calculation the abutting property where the owners had constructed their own sidewalks, "and as to them, no assessment or charge shall be made, except for pro rata cost of intersections." *Held,* that M's property was chargeable with its pro rata portion of the contract price for the intersections constructed by the contractor.

Appeal from St. Louis City Circuit Court.—*Hon. Warwick Hough,* Judge.

REVERSED AND REMANDED (*with directions*).

*Hickman P. Rodgers* for appellant.

(1) (a) The power to levy assessments for local improvements is referable to the taxing power. St. Joseph v. Farrell, 106 Mo. 437; Moberly v. Hogan, 131

Mo. 19. (b) And if such power is exercised in the mode required by law, it is no defense of an action to enforce a special taxbill, to say that such improvement is of no benefit to the property charged. Keith v. Bingham, 100 Mo. 300. (2) An assessment against all the ground within an improvement district will not be overthrown merely because one part of ground within the district may have received greater benefit from the improvement than another part; nor for the reason that the improvement does not adjoin or abut a particular piece of ground within such district and so assessed. Spencer v. Merchant, 125 U. S. 345; Fallbrook Irrigation District v. Bradley, 164 U. S. 112; Dunker v. Stifel, 57 Mo. App. 379; Gibson v. Kayser's Extr., 16 Mo. App. 404. (3) The question as to whether a particular piece of property is benefited by a local improvement, and to what extent, is legislative; and not subject to judicial review. French v. Barber Asphalt Paving Co., 181 U. S. 324; Chadwick v. Kelly, 23 Sup. Court Rep., p. 175; Heman v. Schulte, 166 Mo. 409; Heman v. Allen, 156 Mo. 534; Johnson v. Duer, 115 Mo. 366.

*Sim T. Price* for respondent.

REYBURN, J.—This, an action upon a special taxbill, originated before a justice of the peace of the city of St. Louis, and on appeal a non-jury trial was had upon the following agreed statement:

"It is agreed that this case may be submitted upon the following statement of facts, to-wit:

"Section 568. *Sidewalks, Constructed at Expense of Owner, When.*—Whenever the Municipal Assembly shall direct, by ordinance, the improvement of a public street or avenue, the Board of Public Improvements may, upon the application of the owner of any property fronting or bordering such improvement, grant permission to such owner to construct the sidewalk in front of said property, but without such permission no sidewalk

shall be constructed by any person other than the contractor having the annual contract for constructing new sidewalks.'' Revised Ordinance, city of St. Louis, 1892.

Section 1372. *Contracts for Grading and Repairing, to be made annually.*—The Board of Public Improvements shall, in every year, enter into contract for one year, beginning on the first of July, for the grading, constructing, reconstructing and repairing of sidewalks, and for the repairing of street and alley and gutter paving, and such other similar work as may be ordered by ordinance, or which may become necessary to be done during the year.'' Revised Ordinance, 1892.

''That said Board of Public Improvements entered into contracts with G. Eyermann, Jr., which contract was numbered 4282, and duly executed for the work mentioned in the preceding section, and for the particular year during which the work mentioned in the special taxbill hereinafter set forth was constructed.

''Ordinance 18864, approved March 25, 1897, which ordinance is hereto attached and made a part of this statement.

''Permit No. 13660, dated April 1, 1897, issued by Board of Public Improvements to Thomas Ward McManus, a copy of which permit is hereto attached and made a part of this statement.

''Permit No. 13660 (Copy)    St. Louis, Apl. 1, 1897.

''Permission is hereby granted Thomas Ward McManus to pave sidewalk with granitoid in front of his property on E. S. of Sarah str. from Pine str. to Laclede ave. abt. 500 ft x 6 ft.    To be completed on or before May 1, 1897. Said work must be done in accordance with the specifications of the street department; and the street commissioner must be notified when the work is to be commenced.    (per application of Apl. 1, 1897).

''Said work must be done under the supervision and control of the Street Commissioner and to his satisfaction.

"By order of the Board of Public Improvements,

"ROBT. McMATH, President."

"That Thomas Ward McManus under the authority of permit No. 13660 constructed the entire sidewalk on Laclede avenue and Pine street, fronting the property of said Camilla S. McManus, and that said sidewalk as constructed included the intersections which were part of said sidewalk in front of said McManus property, and that said work as done was accepted by the city of St. Louis.

"That afterwards and in pursuance of the authority conferred by the charter and ordinances of said city and said contract No. 4282, the contractor named in said contract constructed all of the intersections on Sarah street between Laclede avenue and Olive street, with the exception of the following, viz.:

"The intersections which constituted a part of the sidewalk constructed by Thomas Ward McManus in front of the property of defendant Camilla S. McManus; the intersections made by certain other property-owners under the same circumstances as McManus; and the intersections which had been previously made as a part of the sidewalk of streets crossing said Sarah street between Laclede avenue and Olive street.

"That afterwards the special taxbill involved in this suit, being Exhibit 'A' to plaintiff's petition, and which taxbill is made part of this statement, was issued to the contractor named in said contract No. 4282, for the cost of said intersections made by him, and by said contractor was assigned to Heman Construction Company. That demand for the payment of said special taxbill was made upon Thomas Ward McManus on July the 7, 1897, and that no part of said special taxbill has been paid, and that Camilla S. McManus was the owner of property fronting on east side of Sarah street between Laclede avenue and Pine street, but said demand may be considered as good as if made upon her.

"That the copy of final measurement, diagram and

certificate signed by A. N. Milner, which is hereto attached correctly describes the work done by said contractor under said ordinance No. 18864; and that the following explanations of the same are true, viz.:

"1.   The parts shown in pale blue represent sidewalks laid by contractor and assessed against the property abutting same.

"2.   The parts shown in red represent intersections made for the purpose of connecting detached parts of sidewalk in the district on Sarah street between Laclede avenue and Olive street, the total cost of which intersections was prorated and assessed against all the property fronting on Sarah street in said district, according to the front foot.   The validity of such assessment against the McManus property being the question involved in this case.

"3.   That at the time the sidewalks and intersections shown in diagram were laid, all other sidewalks and intersections on Sarah street and the streets running east and west where the same cross Sarah street, had been laid but are not shown in diagram.

"4.   The parts marked 'previously done' and appearing at a point representing Lindell boulevard where it intersects Sarah street on the east, were not laid under the contract in this case, but are shown for the purpose of illustrating the purpose of intersections."

Ordinance No. 18864, approved March 25, 1897, was made up of three sections; the first authorized the Board of Public Improvements to cause the sidewalks on Sarah street, between Laclede avenue and Olive street, to be constructed of granitoid, excepting such parts as were already paved; section 2 provided for the material of which the sidewalks should be made, and the last section directed that the cost should be charged as a lien upon the adjoining property fronting or bordering on the improvements provided for, and paid by the owners, and the method of ascertaining the proportionate amount

chargeable against each abutting lot was then ordained in the following words:

"When said work is completed, the president of the Board of Public Improvements shall compute the cost thereof, and levy and assess the same as a special taxbill against each lot of ground abutting thereon and chargeable therewith in the names of the owners thereof, respectively, in the proportion that the linear feet of each lot fronting or bordering on said improvement bears to the total number of linear feet of all the property chargeable with the special tax aforesaid, and shall make out and certify to the comptroller, on behalf of the contractor, bills of such cost and assessment accordingly as required by law; provided, however, that in cases where owners of abutting property have constructed such sidewalk at their own expense and the same is not reconstructed by the city hereunder, the linear feet of such property shall be excluded from the total linear feet in making such calculation and assessment for such abutting sidewalk, and as to them no assessment or charge shall be made, except for the prorata cost of intersections authorized by this ordinance."

The improvement district was in a residence neighborhood, and the sidewalks extending in every direction were but six feet wide with spaces of three feet at each side, one such space adjacent to the building line and one abutting on the street next to the curb; hence at the various street corners where sidewalks had been constructed only in front of each corner lot, an unimproved space or intersection remained directly opposite each front, and beyond the boundary line of the adjoining lot.

From the conceded facts, it thus appears that ordinance numbered 18864 provided for construction of granitoid sidewalks on Sarah street between Laclede avenue and Olive street; that prior to the passage of this ordinance the Board of Public Improvements, under authority of section 568 of the Revised Ordinances of the

city of St. Louis, granted permission to Thomas W. McManus, representing the respondent, to pave the sidewalks with granitoid in front of property of respondent, on the east side of Sarah street from Pine street to Laclede avenue, and on behalf of respondent such sidewalk was constructed, intersections inclusive, and the work accepted by the city.   The annual contractor, under municipal directions and authority of the charter and ordinances of the city, and especially contract No. 4248, between him and the city, constructed ten intersections on Sarah street between respondent's property and Olive street, being all remaining intersections between Laclede avenue and Olive street, except those intersections constituting part of the sidewalk constructed by respondent, intersections made by other property-owners under the same conditions and intersections previously made as part of the sidewalk of streets crossing Sarah street, between Olive street and Laclede avenue. Under section 1372 of Revised Ordinances, the Board of Public Improvements was authorized to enter into the annual contract with Eyerman: ordinance No. 18864, approved March 25, 1897, had authorized and directed the sidewalks on Sarah street between Laclede avenue and Olive street, and under section 568 of the Revised Ordinances, and by permit No. 13660, of date April, 1897, respondent in effect had been permitted to construct the sidewalk on Sarah street from Laclede avenue to Pine street, being four hundred and forty-six feet, and constituting so much of the work contemplated by ordinance 18864 as was directly abutting her property.   The purpose of section 568 was to permit the property-owner under supervision, and subject to approval of and to the satisfaction of the street commissioner, and in accordance with the specifications of the street department, to perform that portion of the work chargeable against his property, in lieu of having it performed by the contractor under contract executed by virtue of section 1372.

The permit under which respondent constructed the sidewalk adjacent to her property was silent respecting intersections and the concluding clause or sentence of the ordinance, under which the contractor performed the work, exempted from any assessment or charge, owners of abutting property, who had constructed such sidewalks at their own expense, and when same was not reconstructed under the terms of the ordinance, except, for the prorata cost of intersections authorized thereby. If respondent had refrained from constructing the intersections at the corners of her property, and been content to have the contractor perform such work, the other property-owners in the improvement district would have contributed proportionately to the cost of her intersections, in like manner as she is now asked to contribute toward the cost of making other intersections. The taxbill, under the agreed statement, made a prima facie case for plaintiff and the ordinance is in no respect assailed. The proposition advanced on behalf of respondent that her construction of the intersections adjoining was in effect a full payment of and absolved her of any and all obligations that could have been imposed upon her property for the construction of all intersections embraced in the improvement district, designated by the ordinance, is not maintainable, and is negatived by the language of the ordinance itself in express terms. The defendant has failed to establish any fact rebutting the presumptive force of the bill, upon which the action is founded, and under the latest authorities her property is burdened with its payment. Heman v. Allen, 150 Mo. 534; Heman v. Schulte, 166 Mo. 409. The judgment, therefore, will be reversed and the cause remanded with instructions to enter judgment for plaintiff for the amount of the taxbill, with interest at the rate of fifteen per cent per annum from July 7, 1897. *Goode, J.,* concurs; *Bland, P. J.,* dissents.