## HILL-O'MEARA CONSTRUCTION COMPANY, Respondent, v. SESSINGHAUS, Appellant.

### St. Louis Court of Appeals, March 29, 1904.

1. **APPELLATE PRACTICE: Errors in Record Proper.** Where there is no bill of exceptions, nor motion for new trial, it is nevertheless the duty of the appellate court to consider errors, if any are apparent on the face of the record.

2. **TAXBILLS: Contiguous Lots.** Where two lots are adjacent and used and occupied as one property, they are to be treated as one in assessing a special taxbill against them, whether they are improved or not.

3. ————: **Personal Judgment.** A judgment on a special taxbill, in which the court found that defendant was indebted to plaintiff in the amount of the bill, and decreed the amount to be a lien on the property against which the taxbill was assessed, while susceptible to criticism, can not be construed as a personal judgment against defendant.

Appeal from St. Louis City Circuit Court.—*Hon. Franklin Ferriss,* Judge.

AFFIRMED.

*Hammer & Pirkey* for defendant.

(1)   It is error to assess, in one special taxbill, a lump sum against more than one lot.   And a special taxbill, in which the entire cost is assessed in a lump sum against two contiguous lots, even if owned by the same owner and under one fence, is void.   Such a bill will neither authorize a judgment for the whole amount, nor for a separate amount upon each lot.   Hannibal v. Richards, 35 Mo. App. 27; Christian v. Taussig, 8 Mo. App. 602; Eyerman v. Hardy, 8 Mo. App. 311; Kemper v. King, 11 Mo. App. 128; Knoll v. Woelkin, 13 Mo. App. 275; Sedalia v. Gallie, 49 Mo. App. 397; Fowler v. St. Joseph, 37 Mo. 238; McGrath v. Clemens, 49 Mo. 554; St. Louis v. Provenchere, 92 Mo. 66.   (2)   Personal judgments against owners of property in a city on account of assessments for local improvements are void and statutes authorizing them are void.   There can be no personal liability on account of a special taxbill. State ex rel. v. Angert, 127 Mo. 456; St. Louis v. Allen, 53 Mo. 44; Higgins v. Ausmus, 77 Mo. 353.

*Collins & Chappell* for respondent.

While it may be that, in the absence of any particular use or indicated intention to use vacant ground as one lot the platted subdivision may generally and prima facie be regarded as the basis for assessments for local improvements, yet, where the owner has discarded such artificial divisions and has practically made one lot out of several adjoining platted lots, he can not justly complain if the taxing authority treats his property as one piece just as he himself has done.   Wolfort v. St. Louis,

115 Mo. 139; Kemper v. King, 11 Mo. App. 116; Heman Constr. Co. v. Loevy, 64 Mo. App. 430.

### STATEMENT.

In this proceeding recovery is sought upon a special taxbill issued to plaintiff for district sewer work in the city of St. Louis, assessed against a parcel of realty owned by defendant, identified in the taxbill as bounded north by San Francisco avenue, east by Sophia avenue, south by Sessinghaus and west by Collins, in block 3604, consisting of lot 16 and north part of lot 15, fronting seventy-nine feet by depth of 120 feet, and described in same manner, but with elaboration in the petition; a demurrer to the petition was overruled, and the amended answer, after denial of all allegations of the petition, excepting ownership of the realty, set forth the special plea, that the instrument upon which the proceeding was based and claimed by plaintiff to be a special taxbill against defendant's lot 16 and part of lot 15 in city block 3604, was made out as a special taxbill against both the two plats of ground mentioned, and one gross amount, the sum of the amounts claimed against each, was therein assessed against them in gross, and in one lump sum and jointly; the concluding language of the defense thus pleaded being: "And said lot and part of lot are and at all times have been separate and distinct properties, and have never been joined or used as one plat of ground."

A general denial formed the reply.

In the judgment rendered, the court found the issues joined in favor of the plaintiffs; that the defendant was indebted to plaintiff in the sum of the amount recited in the bill, with interest from a specified date aggregating a total mentioned on account of the special taxbill, upon which the action was founded, and ordered, adjudged and decreed that the property of the defendant then specifically described and being the property

described in the special taxbill and' petition, was subject to payment of such bill for work done in Rocky Branch Sewer District No. 7, under authority of the charter of the city of St. Louis, and of ordinances numbered 19655 and 19656 of the city and under contract No. 5802, that such debt so found to be due, naming the total amount, together' with costs of the suit, was a special and first lien against such property and that the sheriff of the city proceed' to sell such property according to law to satisfy such· debt and costs, and that special execution issue therefor.

REYBURN, J. (after stating the facts as above).— 1.   There is no bill of exceptions in the record before this court nor does it show that a motion for new trial or in arrest of judgment was made in the court below, except inferentially from a recital that they were over-ruled, but under the statute it none the less is the duty of the appellate court to consider errors, if any are apparent on the face of the record.   South St. Joseph Land Co. v. Bretz, 125 Mo. 418; Lilly v. Menke, 126 Mo. 190.

For more numerous objections two specific assignments of error deserving consideration are distinguished.   The complaint is reiterated in different methods that each lot should have been assessed apart from the other, and neither imposed with any greater burden than its own proportionate share of the cost of the improvement.   Both by this court and the Supreme Court, it has been held that where lots are adjacent and appropriated' in use and occupation as one property, they are to be so treated, alike whether improved or vacant.   Wolfert v. City of St. Louis, 115 Mo. 139; Heman Const. Co. v. Loevy, 64 Mo. App. 430.   In absence of testimony, the evidence is not revealed but the court found, among others, the issues, whether the· lots were separate and distinct properties, and whether they had ever been united as one plat of ground, in favor of plaintiff, and this finding is conclusive.

2.   While the judgment may be susceptible to fair criticism, yet any infirmities therein are harmless and in matters of substance it is deemed sufficient, and will not properly bear the construction sought to be attached to it by appellant, that it is a personal judgment against defendant.   In the language of recognized authority, the test of a judgment now under the code is its substance rather than its form.   ''If it appears to have been intended by some competent tribunal as the determination of the rights of the parties to an action and shows in intelligible language the relief granted, its claim to confidence will not be lessened by a want of technical form nor by absence of language commonly deemed especially appropriate to formal judicial records.''   1 Freeman, Judgments (4 Ed.), sec. 47.   An entry of record much more vulnerable to complaints than the form here employed was held sufficient in Farley v. Cunningham, 43 Mo. App. 168.

The judgment is affirmed.   *Bland, P. J.,* and *Goode, J.,* concur.