## CHRIST H. ASEL, Appellant, v. CITY OF JEFFERSON et al.

### In Banc, April 1, 1921.

1. **CONSTITUTIONAL LAW: Title: Construction.** The constitutional provision requiring the subject of a law to be clearly expressed in its title must be reasonably and liberally construed and applied, due regard being had to its object and purpose, the principal purpose being to prevent surprise and fraud upon the members of the General Assembly by barring the insertion of matter in the body of the bill of which the title gives no intimation.

2. ———: ———: **Subject: General.** So long as the title to a law does not cover legislation incongruous in itself, and which by no fair intendment can be considered as having a necessary or proper connection, it is not subject to an objection for generality.

3. ———: ———: ———: **Reference to Prior Statute.** The mere reference in the title of an act to a previous act, without other description of the subject-matter, gives notice that the new section

to be enacted will deal with the same subject contained in the section to be repealed. So that where the title of the Act of 1915 was, "An Act to amend Chapter 84, Article 4, of the Revised Statutes of the State of Missouri, 1909, in relation to. municipal corporations, by adding thereto a new section to be known as Section 9237a," the title to the Act of 1919, which was, "An Act to repeal 'An Act to amend Chapter 84, Article 4, of the Revised Statutes of Missouri, 1909,' in relation to municipal corporations as it appears in the Laws of Missouri, 1915, at page 359, and approved March 24, 1915, and to enact a new section in lieu thereof to be known as Section 9237a," did not violate the constitutional provision requiring the subject of a law to be clearly expressed in its title, although the Act of 1915 provided only for the sprinkling and oiling of streets, and the Act of 1919, in addition to providing for the sprinkling and oiling of streets, provided for their repairing, surfacing and re-surfacing.

4. ——: ——: ——: ——: Caption or Head-Note of Prior Act. By the title of said Act of 1919 the members of the Legislature were informed that the bill related to municipal corporations and proposed to repeal an act amending Chapter 84 of Article 4 of the Revised Statutes of 1909, appearing in the Laws ot 1915, at page 359, and to enact a new section in lieu thereof, and by reference thereto their attention was directed to said Act of 1915; and by turning to the Act of 1915, they would have found its caption or head-note to be: "Municipal Corporations— Cities of the Third Class—Oiling and Sprinkling Streets—Special Tax Bills," which, for the pruposes of such reference, became a part of the title to the Act of 1919, then under consideration, and they would thereby have been specifically informed as to the general subject and nature of the legislation sought to be enacted by the Act of 1919; and since the caption or head-note of the Act of 1915 referred to the "oiling and sprinkling of streets," the legislators, by referring to it, would readily have realized that the subject of the new section to be enacted by the proposed Act of 1919 would necessarily relate to the care and maintenance of streets, a subject closely related thereto; and since the body of the Act of 1919 continued to treat of the "oiling and sprinkling" of streets, together with the kindred subject of "repairing, surfacing and re-surfacing" thereof, it cannot be held that the Legislature was misled by the title of the Act of 1919, or that said title did not give notice that the body of the Act of 1919 would contain additional provisions for repairing, surfacing and re-surfacing of streets.

5. ——: ——: Congruous Subjects. The "repairing, surfacing and re-surfacing" of streets are cognate and related to the "oiling and sprinkling" of streets.

6. **CONFLICTING STATUTES: Resurfacing and Reconstruction of Streets: Later Enactment: Remonstrance.** Although the Act of 1919 conflicts with Sections 9254 and 9255 of the Act of 1911, Laws 1911, page 337-341, since the two acts provide for an entirely different method of procedure as to the paving and resurfacing of streets, and in that respect are inconsistent and both cannot operate together, yet the Act of 1919, being a later enactment, necessarily repeals the Act of 1911, and proceedings for resurfacing a street based on the Act of 1919 are not invalid because of said conflict, notwithstanding the Act of 1911 makes provision whereby resident owners may protest against any proposed paving while the Act of 1919 contains no such provision.

7. **STREET IMPROVEMENT: Unequal Assessment.** Proceedings for the improvement of a street are not invalid because all property owners will be charged the same amount per front foot, regardless of whether the street in front of the particular property is entirely resurfaced or only holes or depressions therein are patched, the proposed contract being for the whole improvement, and the cost to be defrayed by a special tax bill on the property fronting or abutting on the streets where the work is done, in the proportion that the linear feet of each lot fronting thereon bears to the total number of linear feet of all property chargeable with the cost. All property in the improvement district is benefited alike and all should bear proportionately the cost, without regard to what particular work is done in front of a given lot; and there is no such unequal assessment as renders the proceeding invalid.

8. ————: **Tax Bills to Contractor.** Under the Act of 1919 special tax bills for the re-surfacing of a street may be issued directly to the contractor doing the work, or to the city and by it assigned to the contractor.

Appeal from Cole Circuit Court.—*Hon. J. G. Slate, Judge.*

AFFIRMED.

*Pope & Lohman* for appellant.

(1) The proceedings are based upon Section 9237a of the Act of 1919, Laws 1919, p. 572. This act repeals the Act of 1915. Laws 1915, p. 359. The Act of 1915 provides for only sprinkling and oiling. The Act of 1919, repealing the 1915 Act and enacting a new

section in lieu thereof, known as 9237a, in addition to
sprinkling and oiling, provides that streets may be re-
paired, surfaced and re-surfaced, while no mention of
the repairing, surfacing and re-surfacing thereof ap-
pears in the title.   The real subject of the legislation
is not clearly expressed in its title, and does not indicate
to the people in clear terms the general contents of the
bill, but on the contrary, shows a design to mislead and
keep from the people the real subject of the legislation.
It is unconstitutional so far as it relates to repairing,
surfacing and re-surfacing streets.   Sec. 28, Art. 4, Mo.
Constitution; State v. McEniry, 269 Mo. 228; Wood-
wear Hardware Co. v. Fischer, 269 Mo. 276; State ex
rel. v. Revelle, 257 Mo. 538; Williams v. Railroad, 233 Mo.
676; State ex rel. v. Heege, 135 Mo. 112; State ex rel.
v. County Court, 102 Mo. 531; State ex rel. Greene County
v. Gideon, 210 S. W. 358.   (2)   Section 9237a provides
that streets may be repaired, surfaced and re-surfaced,
at the cost of the property owners, without an opportunity
to protest, and is directly contrary to Sections 9254,
9255 and 9256, R. S. 1909, as amended by Laws 1911,
pages 337-341, in which it is provided by Section 9254,
that "repaired as here used shall not include an improve-
ment where the entire surface of a paving is renewed,
but such renewals shall be considered paving," and by
which it is provided by Section 9255 that, before the
council shall be authorized to pave any street, they shall
declare by resolution such improvement necessary, and
cause the resolution to be published in a newspaper in
the city, and if no sufficient protest is made, then the
council shall have power to cause the improvement to
be made.   Ranney v. Cape Girardeau, 185 Mo. App. 229;
Sec. 9237a, Laws 1919, p. 572; Secs. 9254, 9255 and 9256,
Laws 1911, pp. 337, 341; State ex rel. Major v. Amick,
247 Mo. 290; State ex rel. Gregory v. Brodie, 161 Mo.
App. 545.   (3)   Under the proceedings contemplated,
there will be an equal assessment for an unequal amount
of work.   Improvements made under Specification No. 1
provide for the re-surfacing of the entire street, while

under Specification No. 2, only holes or depressions shall be patched, all property owners paying the same amount per front foot, regardless of the improvement made in front of their property.  (4)  Under the present proceedings and the notice to paving contractors, the contractor is to be paid with special tax-bills, issued in favor of the contractor.  There is no authority under Section 9237a, Laws 1919, authorizing tax-bills to issue to the contractor, or to pay the contractor in tax-bills. The city must do the work and issue tax-bills in its own name, and has no authority to pay the contractor with tax-bills issued to him.

*Leonard M. Rice* and *Vance J. Higgs* for respondent.

(1)  The Act of 1919 does not violate Section 28 of Article 4 of the Constitution. . State ex rel. v. Gordon, 261 Mo. 639; State ex rel. v. Williams, 232 Mo. 56, 75; State v. Brodnax, 228 Mo. 25, 53; State ex rel. v. Vandiver, 222 Mo. 206, 219; State ex. inf. v. Herring, 208 Mo. 708; State ex inf. v. Jockey Club, 200 Mo. 56; O'Connor v. Transit Co., 198 Mo. 622, 633; State v. Doerring, 194 Mo. 398; Elting v. Hickman, 172 Mo. 251; State v. Bixman, 162 Mo. 16; St. Louis v. Weitzel, 130 Mo. 614; State ex rel. v. Bronson, 115 Mo. 275; State v. Morgan, 112 Mo. 212; State ex rel. v. Miller, 100 Mo. 444; Ewing v. Hoblitzelle, 85 Mo. 64; State v. Miller 45 Mo. 495.  The purposes of the act are clearly expressed in its title.  State ex rel. v. Roach, 258 Mo. 561; State ex rel. v. Assurance Co., 251 Mo. 244; State ex rel. v. Weithaupt, 231 Mo. 294; State v. Distilling Co., 236 Mo. 294; State ex rel. v. Vandiver, 222 Mo. 206; State v. Cantwell, 179 Mo. 260; State v. Bengsch, 170 Mo. 105; City of St. Louis v. Tiefel, 42 Mo. 578; State v. Mathews, 44 Mo. 523; State v. Miller, 45 Mo. 495; Hannibal v. County of Marion, 69 Mo. 571; State ex rel. v. Mead, 71 Mo. 268.  (2)  The Act of 1919 is not in conflict with Section 30 of Article 2 of the Constitution.  Embree v. Road Dis., 257 Mo. 611; Hager v. Reclamation Dist., 111 U. S., 701; Springfield ex rel. v.

Weaver, 137 Mo. 672;. Bank v. Carswell, 126 Mo. 436; Kansas City v. Huling, 87 Mo. 203; St. Louis v. Richeson, 76 Mo. 470. (3) The Act of 1919 is not in direct conflict with Section 9254, Revised Statutes 1909. A canon of construction of statutes is to get at the intent of the Legislature and to give force and effect to this intent. Curtis v. Section, 252 Mo. 245; State ex rel. v. Gmelich, 208 Mo. 152; Kenney v. McVoy, 206 Mo. 42; Grimes v. Reynolds, 184 Mo. 679. Statutes relating to the same subject must be treated prospectively and construed together as though they constituted one act. State ex inf. v. Koelen, 270 Mo. 191; State ex inf. v. Standard Oil Co., 218 Mo. 355; Sales v. Paving Co., 166 Mo. 671. If there is, however, an irreconcilable conflict between Section 9254 and this act, the act, being subsequent legislation and a special provision, must prevail. State ex rel. v. Foster, 187 Mo. 611; State v. Green, 87 Mo. 587; State v. DeBar, 58 Mo. 395. (4) The ordinances questioned do not admit of an unequal assessment of benefits. Rueck-ing Const. Co. v. Withnell, 269 Mo. 556; Land Co. v. Kansas City, 241 U. S. 419; Wagner v. Baltimore, 239 U. S. 217; Houch v. Drainage Dist., 239 U. S. 254; French v. Paving Co., 181 U. S. 343; Webster v. Fargo, 181 U. S. 395; Municipal Sec. Co. v. Met. St. Ry. Co., 196 S. W. 400. (5) The city, under the provisions of the Act of 1919, has authority to issue tax-bills to itself and assign the same to the contractor, or to issue such tax-bills directly to the contractor. Sec. 8301, R. S. 1919.

ELDER, J.—This is an equitable action wherein plaintiff (appellant herein) seeks to enjoin defendants from contracting for the sprinkling, oiling, repairing, surfacing and re-surfacing of certain streets in Jefferson City, Missouri.

Respondent having agreed to appellant's statement of the facts, we adopt the same, with some slight modifications.

On February 9, 1920, the city council of the said City of Jefferson passed an ordinance dividing the city

into six sprinkling, oiling, repairing, surfacing and re-surfacing districts, one of which is known as District No. 4, and established the boundaries thereof.

Plaintiff is a citizen and resident of the City of Jefferson, owning real estate in said District No. 4, fronting 48 feet on Madison Street and 98 feet on Ashley Street.

On May 7, 1920, the city council of said city passed an ordinance providing for the sprinkling, oiling, repairing, surfacing and re-surfacing of certain streets within the limits of District No. 4, by the terms of which the streets upon which plaintiff's property abuts, were proposed to be improved. The city engineer was instructed to prepare plans and file the same with the city clerk and advertisements for bids for the work were authorized. It was provided in said ordinance that the costs of sprinkling, oiling, repairing, surfacing and re-surfacing should be defrayed by special tax to be assessed in favor of the City of Jefferson on the property fronting on or abutting the streets improved, in proportion that the lineal feet of each lot fronting or bordering on the improvement bears to the total number of lineal feet of all property chargeable with the tax aforesaid, in the territory embraced by the contract for which advertisement was directed to be made.

Two specifications were made by the city engineer, one for re-surfacing the streets as an entirety, and the other for patching holes and depressions. The city engineer testified that under Specification No. 1, they proposed to scarify the streets and give them surface treatment, where they were too far gone to be retreaded under Specification No. 2, and that under Specification No. 2 they proposed to fill the holes with a bituminous concrete mixed.

After the specifications were filed, due notice was given to contractors, which was duly published according to law. The Pope Construction Company, a partnership composed of Joseph Pope and F. J. Kersting, submitted the lowest bid for the work proposed to be done,

108,133 square yards, at $0.321 per square yard, amounting in all to $34,724.80, which sum the city engineer testified would not exceed sixty cents per front foot on the streets proposed to be improved.

The bid of the Pope Construction Company was accepted by the city council, by resolution adopted July 6, 1920, and the mayor of the city was authorized by the council to enter into a contract with the Pope Construction Company for the faithful performance of the contemplated work.

Before the contract was entered into the plaintiff herein gave notice to defendants of his intention to file an application for an injunction on the 13th day of July, 1920, and on said 13th day of July he filed his petition and exhibits and a temporary injunction was granted, enjoining the defendants from proceeding further in any way from entering into the contract for sprinkling, oiling, repairing, surfacing and re-surfacing the streets within District No. 4, as provided in the city ordinances.

The petition for injunction recites that the city council of the City of Jefferson in attempting to establish the sprinkling, oiling, repairing, surfacing and re-surfacing district and providing for the improvement thereof, was acting under the provision of an act of the Missouri Legislature, approved May 29, 1919, entitled, ''An Act to repeal 'An act to amend chapter 84, article 4, of the Revised Statutes of the State of Missouri, 1909,' in relation to municipal corporations as it appears in the Laws of Missouri 1915, at page 359, and approved March 24, 1915, and to enact a new section in lieu thereof to be known as Section 9237a;'' that said act is unconstitutional and void and in violation of Section 28, Article 4 of the Missouri Constitution; that it is in conflict with and contrary to Sections 9254, 9255 and 9256, Revised Statutes 1909, as amended by Laws of Missouri, 1911, pp. 337-341; that the City of Jefferson, its officers an' agents, were acting without authority of law and will cast a cloud upon the title to plaintiff's real estate, with

a pretended lien for street improvement, under and by virtue of illegal acts, and deprive plaintiff and those similiarly situated of their property without due process of law, contrary to Section 30 of Article 2 of the Constitution of Missouri; and that said city proposes to create a lien for the work and improvements in favor of the City of Jefferson, instead of the contractor, who does the work.

The defendants answered, admitting that plaintiff was the owner of property in District No. 4, and a citizen of the City of Jefferson, and admitting the existence of all the ordinances and proceedings of the council, but denied that the provisions thereof would cast a cloud upon plaintiff's title to his real estate and denied that they were illegal, or would deprive plaintiff of his property without due process of law, and denied that said act of the General Assembly of 1919 is contrary to other pre-existing laws of the State of Missouri. The answer practically admits all the facts stated in plaintiff's petition, but denies the legal effect thereof.

After the filing of the answer, defendants filed a motion to dissolve. The case was tried on July 24, 1920, and the court dissolved the temporary injunction theretofore granted. On the same day plaintiff filed a motion for rehearing and review and a motion in arrest of judgment, both of which were overruled, to which plaintiff excepted, and an appeal was granted to this court.

I. Plaintiff's first contention is that the act upon which the establishment and proposed improvement of the district in question is based, being Section 9237a, Laws of Missouri 1919, pages 572, 573, approved May 29, 1919, (now Section 8301, R. S. 1919), is violative of Section 28, Article 4 of the Constitution of Missouri, in that the subject of the act is not clearly expressed in the title thereof. Learned counsel for plaintiff argue that this act repealed an act aproved March 24, 1915, Laws of Missouri 1915, pages 359, 360, providing for the sprinkling and oiling of streets, and enacted a new section in lieu thereof; that the said Act

<div style="margin-left:2em;font-weight:bold">Title of Act.</div>

of 1919, in addition to providing for the sprinkling and oiling of streets, also provides that the same may be *repaired, surfaced and re-surfaced,* but that "no mention of the *repairing, surfacing and re-surfacing* thereof appears in the title," and that therefore so far as the act relates to *repairing, surfacing and re-surfacing* it is unconstitutional.

In approaching the question presented, we do so with full recognition of the rule that the constitutional provision as to the necessity of clearly expressing the subject of a law in the title thereof must be reasonably and liberally construed and applied, due regard being had to its object and purpose.

As has been declared, the principal purpose of the provision was to prevent surprise or fraud upon the members of the Legislature by barring the insertion of matter in the body of the bill of which the title gave no intimation. [City of St. Louis v. Tiefel, 42 Mo. 1. c. 590; State ex rel. v. Ranson, 73 Mo. 78; State v. Doerring, 194 Mo. 1. c. 412; State v. Cantwell, 179 Mo. 1. c. 260.] Also, as said by SHERWOOD, J., in St. Louis v. Weitzel, 130 Mo. 1. c. 616: "The evident object of the provision of the organic law relative to the title of an act was to have the title like a guide board, indicate the general contents of the bill, and contain but one general subject which might be expressed in a few or a greater number of words. If those words only constitute one general subject; if they do not mislead as to what the bill contains; if they are not designed as a cover to vicious and incongruous legislation, then the title can stand on its own merits, is an honest title and does not impinge on constitutional prohibitions." Furthermore, so long as the title does not cover legislation incongruous in itself, and which by no fair intendment can be considered as having a necessary or proper connection, it is not subject to objection for generality. [City of St Louis v. Tiefel, 42 Mo. 1. c. 592; Lynch v. Murphy, 119 Mo. 163.]

With these general principles in mind, and passing to a minute consideration of the question before us, we

find the title to the Act of 1915 to be as follows: "An act to amend Chapter 84, Article 4, of the Revised Statutes of the State of Missouri, 1909, in relation to municipal corporations, by adding thereto a new section to be known as Section 9237a." The title to the Act of 1919 is as follows: "An act to repeal 'An act to amend Chapter 84, Article 4, of the Revised Statutes of the State of Missouri, 1909,' in relation to municipal corporations as it appears in the Laws of Missouri, 1915, at page 359, and approved March 24, 1915, and to enact a new section in lieu thereof to be known as Section 9237a." The mere reference, in the title of the Act of 1919, to the Act of 1915, without other description of the subject-matter, under the rulings of this court gave sufficient notice that the new section to be enacted would deal with the same subject as contained in the section of the Act of 1915 to be repealed. [State ex rel. v. Imel, 242 Mo. 1. c. 303; State ex rel. v. County Court, 128 Mo. 1. c. 440; State ex rel. v. Heege, 135 Mo. 1. c. 118; Burge v. Railroad, 244 Mo. 1. c. 87; City of St. Louis v. Tiefel, 42 Mo. 578.] Moreover, by the title of the Act of 1919, the members of the Legislature were informed that the bill related to municipal corporations and proposed to repeal an act amending Chapter 84, Article 4, of the Revised Statutes of 1909, appearing in the Laws of 1915, at page 359, and to enact a new section in lieu thereof. By reference thereto, their attention was directed to the Act of 1915. Upon turning to the Act of 1915, the legislators would find the caption or head-note: "Municipal Corporations—Cities of the third class—Oiling and sprinkling of streets—Special tax bills," which by reference thereto became a part of the title to the Act of 1919, under consideration by them. [Barnes v. Pikey, 269 Mo. 398; State v. Doerring, 194 Mo. 1. c. 412; State ex rel. v. Ranson, 73 Mo. 1. c. 88; State v. Murlin, 137 Mo. 1. c. 305.] They would thereby be specifically informed as to the general subject and nature of the legislation sought to be enacted. The caption or headnote to the Act of 1915, having reference to the "oiling and sprinkling of streets," they would readily

realize that the subject of the new section to be enacted would necessarily relate to the care and maintenance of streets, or a subject closely related thereto. And the body of the Act of 1919, continuing to treat of the " oiling and sprinkling " of streets, together with the kindred and germane subjects of " repairing, surfacing and re-surfacing " thereof, manifestly it cannot be effectively urged that the Legislature was misled.

Were the subjects incongruous or disconnected, or had they no natural connection with each other, plaintiff might well contend that the act was violative of the section of the Constitution cited, in that it contained more than one subject. But neither can that insistence prevail. By a fair interpretation the matters of " repairing, surfacing and re-surfacing " are cognate and related to the other subject-matter of the act and are accordingly not vulnerable to the objection that they constitute a separate and distinct subject. [State ex inf. v. Delmar Jockey Club, 200 Mo. 34; State v. Brodnax and Essex, 228 Mo. 25; State ex rel. v. Williams, 232 Mo. 56; O'Connor v. Transit Co., 198 Mo. 622; State ex rel. v. Gordon, 261 Mo. 631; State ex rel. v. Miller, 100 Mo. 439; Elting v. Hickman, 172 Mo. 237; Ewing v. Hoblitzelle, 85 Mo. 64.]

Our conclusion is that the Act of 1919 is in entire harmony with Section 28, Article 4, of the Constitution of this State, and we so rule. [State v. Doerring, 194 Mo. 398; State ex rel. v. Imel, 242 Mo. 293; Barnes v. Pikey, 269 Mo. 398; State ex rel. v. Ranson, 73 Mo. 78.]

II. Plaintiff next contends that the Act of 1919 is in direct conflict with Sections 9254 and 9255, Laws of Missouri 1911, pages 337-341. The Act of 1919 relates to the sprinkling, oiling, repairing, surfacing and *resurfacing* of streets, avenues, alleys and public places.

Conflict With Other Statutes. Sections 9254 and 9255 relate to the grading, *paving,* grading, guttering and curbing, and alleys, the *reconstruction and repairing of paving,* grading, guttering and curbing, and the making and repairing of sidewalks, bridges, culverts

and crosswalks. Section 9254 provides that "where the entire surface of a paving is renewed," such renewal "shall be considered as a paving." By Section 9255 provision is made whereby resident owners may protest against any proposed paving, but not so under the Act of 1919. Learned counsel for plaintiff argue that "under the proposed improvement in the case at bar, it is clear that the work contemplated is to renew the entire surface of the street (See Specification No. 1), and constitutes a paving, against which property owners have the right to protest, which was denied them under the proposed improvement in the case at bar." Specification No. 1, referred to by counsel, which was introduced in evidence, provides in general that the "present wearing of the roadway" shall be loosened by means of a scarifier or by hand labor to a depth of not less than three inches; that the roadway "shall be thoroughly harrowed several times until a maximum density is obtained;" that it shall then be "shaped to the proper crown and grade as shown on the plans and profile or as directed by the engineer;" that all surplus material shall be removed and "such additional stone as may be required to bring the roadway to the proper grade" shall be furnished by the contractor; that the surface shall then be thoroughly rolled until an even and firm surface is produced, when it shall be cleaned of all dust, dirt and excess material; that to the surface so prepared there shall be applied a coat of tarvia, which shall be allowed to stand at least twenty-four hours; that over this surface shall then be spread "a sufficient quantity of torpedo gravel to fill the surface voids," after which the roadway shall be lightly rolled and swept clean; and that thereupon a second or final application of tarvia shall be made. From this specification it clearly appears that the entire surface of the street is to be renewed (as is argued by counsel), which character of improvement is defined by Section 9254 to be a "paving." However, the improvement also constitutes a "resurfacing" within the meaning of the Act of 1919. [Collins v. Jaicks Co., 279 Mo. l. c. 427,

214 S. W. l. c. 398.] It follows that the two acts, providing for an entirely different method of procedure as to the paving and re-surfacing of streets respectively, are in that respect so inconsistent and repugnant that they both cannot operate together. But, the Act of 1919, having been enacted subsequent to the Act of 1911, necessarily repeals the latter. [State ex rel. v. Shields, 230 Mo. l. c. 100; Gasconade County v. Gordon, 241 Mo. l. c. 582; State ex rel. v. Clayton, 226 Mo. l. c. 302; State ex rel. v. Heidorn, 74 Mo. 410; State ex rel. v. Draper, 47 Mo. 29; State ex rel. v. Lawrence, 38 Mo. l. c. 535.] Accordingly, even though plaintiff's contention is well founded, nevertheless, the proceedings in the instant case having been based on the Act of 1919, which is controlling, are valid.

III.   Plaintiff further insists that under the proceedings contemplated, there will be an unequal assessment in that all property owners will be charged the same amount per front foot, regardless of whether the street in front of the particular property is entirely re-surfaced or only holes or depressions therein are patched. This argument, although advanced in a different form, is the same as has often been made against the constitutionality of assessments of the character here presented, a question which has long been settled by this court and the Supreme Court of the United States.

Unequal Assessments.

In the instant case the proposed contract is for the whole improvement, and the cost thereof is to be defrayed by a special tax on the property fronting or abutting on the streets where the work is done, in the proportion that the linear feet of each lot fronting there on bears to the total number of linear feet of all the property chargeable with the tax. All property in the improved district is to be benefited alike and all should bear proportionately the cost of the improvement, without regard to what particular work is done in front of a given lot. As was held in Paving Co. v. Munn, 185 Mo. 565, "it was clearly within the municipal authority to determine what street improvement and the extent

thereof should be made and what property would be benefited thereby and to fix the benefit district and apportion the tax." [See also Municipal Securities Corp. v. Street Ry. Co., 196 S. W. 400; City to use of McGrath v. Clemens, 49 Mo. 552; Heman Constr. Co. v. McManus, 102 Mo. App. 649; Ranney v. Cape Girardeau, 255 Mo. 514.]

We therefore rule the point against plaintiff.

IV. It is finally contended by plaintiff that, under the notice to paving contractors, advertising for bids on the improvements proposed, the contractor is to be paid by special tax-bills, issued in his favor,

Tax Bill to Contractor. for which there is no authority in the Act of 1919. Counsel argue that the city must do the work and issue the bills in its own name.

The Act of 1919 specifically provides that the work shall be done by the city "*or shall be contracted for*" as provided by ordinance, that the cost shall be defrayed "by a special tax assessed in favor of the city," and that special tax-bills shall be "issued and collected in the manner hereafter provided by ordinance." Sections 22 and 23 of Ordinance 42 of the City of Jefferson, introduced in evidence, provide for the levy of an assessment for the cost of improvements and the issuance of special tax-bills against the property charged, and Section 25 of said ordinance provides that such tax-bills "shall be assignable." The exact language of the notice to contractors, with respect to payment, is: "Payment is to be made by special tax-bills issued against the property abutting the streets intended to be improved." It follows that tax-bills may be issued directly to the contractor or may be issued to the city and assigned by it to the contractor doing the work. The point made is wholly without merit and we rule it against plaintiff.

This concludes all the questions raised by appellant. From what has been said it follows that the judgment must be affirmed. It is so ordered. All concur, except *Walker, C. J.,* and *James T. Blair, J.,* not sitting.