## MINERS' BANK OF CARTERVILLE, Respondent, v. J. W. CLARKE et al., Appellants.

In the Springfield Court of Appeals, December 7, 1923.

1. **MUNICIPAL CORPORATIONS: Special Tax Bill not to be Attacked Collaterally.** It being contended that a tax bill was void because on its face it showed that it was issued against one lot and part of another, *held*, the attack on the tax bill was collateral, and the suit not being one where the validity of the tax bill was directly involved, such collateral attack would not be permitted.

2. ———: **Tax Bill Evidence of Liability.** Special tax bills are prima-facie evidence of liability.

3. ———: **Tax Bill Presumed Valid.** A city council, exercising at least quasi-judicial functions in issuing a tax bill, will be presumed to have issued it in accordance with the law until it is shown in a direct proceeding that it has not done so.

4. ———: **Statute Relating to Paving Held not Repealed.** Revised Statutes 1919, sec. 8301, relating to sprinkling, oiling, "repairing," surfacing and "resurfacing" streets, and limiting the annual cost thereof to abutting property to sixty cents per front foot, *held*, not to impliedly repeal sections 8323, 8324, as respects grading and paving a street, which is in no sense a "repairing" or "resurfacing" of an old street.

5. **EVIDENCE: Cost of Paving Held Common Knowledge.** It is common knowledge that no street can be graded and paved with concrete the first time at an expense of sixty cents per front foot.

6. **STATUTES: Repeal by Implication.** It is a well-settled rule of construction that, where an old law is repealed by implication, it will be repealed only to the extent of making it consistent with the new law.

Appeal from the Circuit Court of Jasper County.—*Hon. S. W. Bates*, Judge.

AFFIRMED.

*Paul E. Bradley* for appellant.

(1) While the plaintiff is not suing to enforce the tax bill, his right to relief sought is predicated on the bill, and therefore this is a suit on the tax bill. St. Louis v. Brinckwirth, 204 Mo. 294. (2) The tax bill shows on its face that it was issued against one lot and a fraction of another lot, and for that reason it was void. City of Cameron v. Pixlee, 211 S. W. 96; Paving Co. v. Peck, 186 Mo. 506. There was no allegation in the petition and no proof that the lot and a fraction are held, used and treated by the defendants as one lot or parcel of land. The evidence was that there were four buildings on the lot and fraction, and that the buildings were all separate and distinct. (3) The evidence shows that the city levied a special assessment for the improvement in question on the abutting property amounting to $3.426333 per front foot. Under the law as it existed at that time, cities of the third class had no statutory authority to levy special assessments against abutting property for street paving improvements in excess of sixty cents per front foot. Asel v. City of Jefferson City, 287 Mo. 195.

*A. G. Young* for respondent.

(1) Even if defendants' contention is true, the tax bill is not void, but voidable, and is not subject to collateral attack. Page & Jones in Taxation by Assessment, secs. 897 and 1000; 15 Standard Ency. of Procedure, pp. 379, 396 and 417; Gray v. Bowles, 74 Mo. 419. In the case of Paving Co. v. Peck, 186 Mo. 506, on which the appellant relies, the court held the tax bill to be a valid lien on the lot which adjoined Grand Avenue, the street that was improved. The case of St. Louis v. Brinckwirth, 204 Mo. 294, cited by appellant, is not in point. That was a direct proceeding upon the tax bill and plaintiff failed to prove the issuance of the tax bill or to introduce the

tax bill in evidence. The court held this to be a failure of proof and reversed the case for that reason. (2) The case of 'Cameron v. Pixlee, 211 S. W. 96, and the case on which it is based, in so far as the burden of proof is concerned, are sewer tax cases, based upon entirely different sections of the law. Section 9241, quoted in the Cameron case, now section 8305, R. S. 1919, requires the clerk to make out the tax bills "against each lot or piece of ground" while section 8223, the paving section, says: "The cost of paving . . . the roadway part of any street . . . shall be charged against the lots and tracts of land fronting or abutting on the street." The language in these two section is entirely different. The case of Paving Company v. Peck, 186 Mo. 506, involved four lots, only one of which abutted on the street on which the sewer was located, hence, the court very properly held the burden to be on plaintiff to show they were all used as one tract. In the case at bar, both tracts abutted on the improved street and the presumption would be that the city council properly regarded them as one tract. The evidence showed that the one lot and fraction of another were used as one tract. Page & Jones, Taxation by Assessment, sec. 896; Wolford v. City of St. Louis, 115 Mo. 139; Hill-O'Meara Const. Co. v. Sessinghaus, 106 Mo. App. 163. (3) The case of Asel v. The City of Jefferson City, 287 Mo. 195, has no application in this case. While the court, in that case, held the repairs that were being made to amount to a paving of the street, yet the ordinance plainly shows that the council had in contemplation only the repairs of the made street, and not the making of a street. The Act of 1911, provided for the construction of a new street, while the Laws of 1919 provided only for the repair of a street already constructed. In so far as the work that was provided for in the Asel case and the work that was provided for by the ordinance in the case at bar are concerned, there is no repugnance, and both sections should be allowed to stand. If the old law was repealed by implication by the passage of the new one, it was only

repealed *pro tanto* to the extent of the repugnancy. 36 Cyc. 1073 to 1076; 1147 to 1150; State v. Walls, 210 Mo. 601; State v. Walbridge, 119 Mo. 383; Manker v. Faulhaber, 94 Mo. 330; State ex inf. Major v. Amick, 247 Mo. 271; Wrightsman v. Gideon, 247 S. W. 135. The acts of the Legislature since that time in reinacting both the 1911 and the 1919 statutes show that it intended both acts to stand together and the last one to be supplemental to the first.

FARRINGTON, J.—The plaintiff in this case is the owner of a tax bill issued for street paving by the City of Carterville, Missouri, against lot 295 and the East 18 feet of lot 296 S. C. M. & S. Co's 5th Addition to the city, and brought this action asking that the defendants be enjoined from removing the buildings standing on the lots, stating that if the improvements were removed the value of the property would be reduced. A decree was entered granting the relief prayed for. An appeal from that decree was taken, and it is contended here that the court erred, first, because the tax bill on its face showed that it was issued against all of one lot and part of another, and for that reason was void, citing in support of that proposition the cases of Cameron v. Pixlee, 211 S. W. 96; Barber Asphalt Paving Co. v. Peck, 186 Mo. 506, 85 S. W. 387. We hold with the respondent that the rule laid down in these cases does not apply in this case, for the reason that such an attack made in the case at bar is collateral, and the suit not being one where the validity of the tax bill is directly involved such collateral attack will not be permitted. Appellants also cite City of St. Louis v. Brinckwirth, 204 Mo. 280, 102 S. W. 1091. This suit is likewise a suit for the direct enforcement of the tax bill, and is one in which it is proper to attack the validity of the tax bill.

It is well settled law that special tax bills are prima-facie evidence of liability. [See Wolfort v. City of St. Louis, 115 Mo. 139, 21 S. W. 912; Hill-O'Meara Const. Co. v. Sessinghaus, 106 Mo. App. 163, 80 S. W. 470.]

In Page & Jones on Taxation by Assessment, page 1000, it is said: "A proceeding to obtain an injunction against the enforcement of an assessment is a collateral attack." See, also, Gray v. Bowles, 74 Mo. 419, which holds that a judgment rendered on a tax bill is not subject to collateral attack.

It does not follow, therefore, that merely because the tax bill on its face shows that it was issued to cover more than one lot that it is necessarily void. There are a number of cases holding that a single tax bill may be issued against more than one lot provided the owner has disregarded the lines of his property and has treated several lots as one tract.

The Council of the City of Carterville exercising at least *quasi*-judicial functions in issuing this tax bill, will be presumed to have issued it in accordance with the law until it is shown in a direct proceeding that they have not done so. In the face of the tax bill, however, is shown the amount of the assessment per front foot that the improvement cost, which appellants contend is in excess of the amount the law permits it, being a city of the third class, to assess by special tax bill against the property. The ordinance authorizing the work was passed in 1919, and the ordinance levying the special tax in 1920. Appellants therefore point to sections 8323 and 8324, Revised Statutes 1919, and section 8301, Revised Statutes 1919. Their contention is that section 8301 repealed the provisions of sections 8323 and 8324, and that the Council had authority to incur only up to the amount of sixty cents per front foot per annum for the work that was done in this case.

The evidence in the case shows that this tax bill was issued for grading, surfacing and paving with concrete the street upon which the lots involved in this action abut, and that it was in no sense a repairing or resurfacing job.

Appellants rely on what was said in the case of Asel v. City of Jefferson, 287 Mo. 195, 229 S. W. 1046. On pages 207 and 208, the court in discussing these sec-

tions of the statute heretofore referred to, held that the Act of 1919 necessarily repeals the Act of 1911. As we understand that case, it holds merely that that portion of sections 8323 and 8324 which related to the doing of the character of work that was done in that case, which was, as the record shows, the repairing and resurfacing of a street, and where the amount fell within sixty cents, would be controlled by the statute of 1919. It did not attempt to repeal the entire former statute, for had it done that it would practically have stopped all character of paving in cities of the third class except that which would be the repairing and resurfacing of a street. It is common knowledge that no street can be graded and paved with concrete the first time at an expense of sixty cents per front foot. Section 8301, Revised Statutes 1919, only by implication repeals any portion of sections 8323 and 8324, and it is a well-settled rule of construction that where an old law is repealed by implication it will be repealed only to the extent of making it consistent with the new law. [See 36 Cyc. 1037. See, also, State ex inf. Major v. Amick, 247 Mo. 1. c. 290, 152 S. W. 591; Wrightsman v. Gideon, 247 S. W. 1. c. 137; State ex rel. v. Clark, 275 Mo. 1. c. 102, 204 S. W. 1090.]

Applying the rules laid down in the above cases to the instant case, we must hold that the City Council acted within its rights in proceeding under sections 8323 and 8324, Revised Statutes 1919, when they undertook to provide for the grading and paving of this street, which was in no sense a repairing of an old street, or repairing or resurfacing a street having already been paved, and that the tax bill is therefore not void on its face because it shows that a greater sum than sixty cents per foot was levied. We further hold that the tax bill, apparently good on its face, is prima-facie evidence of its validity and that its validity cannot be attacked collaterally where its validity is only incidentally involved. The judgment is affirmed. *Cox, P. J.,* and *Bradley, J.,* concur.